**UNITED STATES of America, Plaintiff,**

v.

**Sotero Almendarez AGUILAR, Defendant.**

**No. CR–90–2070–AAM.**

United States District Court,
E.D. Washington.

Oct. 24, 1994.

Jane Kirk, U.S. Atty., Yakima, WA, for plaintiff.

George Trejo, Contreras–Trejo & Trejo, Inc., P.S., Yakima, WA, for defendant.

## ORDER OF RECONSIDERATION AND ORDER QUASHING INDICTMENT

McDONALD, District Judge.

Before the Court is Defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Quash Indictment, Ct.Rec. 34. On hearing without oral argument, the government was represented by United States Attorney Jane Kirk of Yakima, Washington appeared on behalf of the government. The defendant was represented by George Trejo of Contreras–Trejo & Trejo, Inc., P.S., Yakima, Washington.

### A. BACKGROUND

Aguilar was indicted on June 12, 1990, for violations of 21 U.S.C. § 846 (conspiracy to distribute a controlled substance), 21 U.S.C. § 843(b) (use of a wire communication in furtherance of a narcotics felony), and 21 U.S.C. § 841(a)(1) (distribution of a controlled substance). However, as he was a fugitive, he was not arrested until July 19, 1994. Between indictment and arrest, on September 24, 1990, the government filed a civil complaint for forfeiture of Aguilar's home (purchased for $16,000.00 cash), $1,452.00 in cash and $21,000.00 in leather goods from Aguilar's business, under 21 U.S.C. § 881(a)(6) (forfeiture of drug trafficking proceeds) and 21 U.S.C. § 881(a)(7) (forfeiture of real property that is the loca-

tion of drug trafficking). This Court entered an order of forfeiture on July 18, 1991.

A pretrial conference was held on August 26, 1994. At that time Aguilar moved to quash the indictment as violative of the double jeopardy clause. He contended that he had already been punished for the activities charged here, through the civil forfeiture action.

The Court denied the motion to quash, by its Pretrial Order dated August 26, 1994. The Court explicitly adopted the analysis of *United States v. Tilley,* 18 F.3d 295, *reh'g, en banc. denied,* 22 F.3d 1096, *and petition for cert. filed. Tilley* held that forfeiture cases under § 881(a)(6) do not trigger double jeopardy concerns, because the forfeitures are not punishment but merely compensate government and society for their losses from drug trafficking. *Tilley* also held that the forfeiture was not punishment because the criminal defendant had no constitutionally protected interest in the property forfeited.[1]

Eleven days after the Court entered its Pretrial Order, the Ninth Circuit entered the opinion of *United States v. $405,089.23 United States Currency,* 33 F.3d 1210 (9th Cir. 1994). Aguilar now contends that *$405,089.23* constitutes grounds for reconsideration of the Court's Pretrial Order denying his Motion to Quash Indictment as Violation of Fifth Amendment.

### B. STANDARD FOR RECONSIDERATION

[1] The rules of criminal procedure do not address motions for reconsideration. The Court applies the rationale of Rules 59(e) and 60(b) of the rules of civil procedure,

---

1. Aguilar forfeited his property under two independent grounds: 21 U.S.C. § 881(a)(6) and (7). The Court had found that prosecution here was not barred by double jeopardy concerns, because it found that forfeiture under 21 U.S.C. § 881(a)(6) did not raise the double jeopardy bar. As the Court discussed in its Pretrial Order, forfeiture under 21 U.S.C. § 881(a)(7) *alone* would raise the double jeopardy bar. The U.S. Supreme Court recently examined civil forfeitures in light of *Halper* and held that:

   In light of the historical understanding of forfeiture as punishment, the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence that Congress under-

   stood those provisions as serving to deter and to punish, we cannot conclude that forfeiture under §§ 881(a)(4) and (a)(7) serves solely a remedial purpose. We therefore conclude that forfeiture under these provisions constitutes "payment to a sovereign as punishment for some offense," *Browning–Ferris [Industries v. Kelco Disposal, Inc.],* 492 U.S. [257], at 265, 109 S.Ct., [2909] at 2915 [106 L.Ed.2d 219, 1989], and, as such, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause.

   *Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993) (footnote omitted).

which permit reconsideration on the ground of a change in controlling law (among other grounds). *See School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994) (Fed.R.Civ.P. 59(e)); *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir.1991) (Fed.R.Civ.P. 60(b)).

## C. ANALYSIS

■ In *$405,089.23,* the Ninth Circuit considered the propriety of a civil forfeiture judgment entered after related criminal convictions. The defendants were convicted of conspiracy and money laundering (presumably under 18 U.S.C. § 1956). Their property was forfeited under 18 U.S.C. § 981(a)(1)(A) (property involved in money laundering) and 21 U.S.C. § 881(a)(6) (proceeds of illegal narcotics transactions). In obtaining forfeiture, the government had argued that the property was connected to the offenses that were the subject of the parallel criminal case. The Ninth Circuit confirmed that "the forfeiture complaint in this case was based on precisely the same conduct addressed in the claimants' criminal case." 33 F.3d at 1216. Having found that the second proceeding was therefore subject to a double jeopardy bar, the court applied a two part test to determine whether the second proceeding was barred:

> [W]e must consider two questions: whether the civil forfeiture action and the claimants' criminal prosecution constituted separate "proceedings," and whether civil forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) constitutes "punishment." If the answer to both of these questions is yes, then the government's actions constituted a successive attempt to impose punishment, in violation of the Double Jeopardy Clause.

33 F.3d at 1216. The answer to the first question was yes:

> We fail to see how two separate actions, one civil and one criminal, instituted at different times, tried at different times before different factfinders, presided over by different district judges, and resolved by separate judgments, constitute the sale "proceeding." ...

> [A] civil forfeiture action which is brought and tried separately from the criminal prosecution and is based upon the same offense constitutes a separate "proceeding."

*Id.,* at 1216, 1218. The answer to the first question also was yes:

> [A] sanction which is designed even in part to deter or punish will constitute punishment, regardless of whether it also has a remedial purpose. *See Austin v. United States,* —— U.S. ——, ——, ——, 113 S.Ct. 2801, 2806, 2812, 125 L.Ed.2d 488 (1993). . . .

> Under *Austin,* in order to determine whether a forfeiture constitutes "punishment," we must look to the entire scope of the statute which the government seeks to employ, rather than to the characteristics of the specific property the government seeks to forfeit. . . .

> *Austin* thus makes clear that at least three principles are relevant to determining whether a forfeiture constitutes "punishment." First, because of "the historical understanding of forfeiture as punishment," *id.* at 2812, there is a strong presumption that any forfeiture statute does not serve solely a remedial purpose. Second, where such a statute focuses on the culpability of the property owner by exempting innocent owners or lienholders, it is likely that the enactment serves at least in part to deter and punish guilty conduct. Finally, where Congress has tied forfeiture directly to the commission of specified offenses, it is reasonable to presume that the forfeiture is at least partially intended as an additional deterrent to or punishment for those violations of law. These principles dictate that forfeiture under the statutes at issue in this case constitutes "punishment."

*Id.,* at 1219, 1220, 1221. The court concluded that the forfeiture statutes constituted punishment, so the second action was barred by the double jeopardy clause. *Id.* at 1222.

Applying the *$405,089.23* analysis to this case, the Court concludes that this proceeding is barred by the double jeopardy clause.

First, the forfeiture action was based on precisely the same conduct addressed in the indictment. *Compare* Complaint for Forfeiture *In Rem*, attached to Government's Response to Defendant's Pretrial Motions, Ct. Rec. 28, at 2–3:

The probable cause for seizure is as follows:

On April 4, 1990, a confidential informant, under the direction of law enforcement officers, placed a telephone call to Sotero Almendarez Aguilar, at the phone located at the defendant property [in Yakima], to make arrangements to purchase two ounces of heroin....

On that same date, an undercover law enforcement agent purchased two ounces of heroin from a person identified as Jose Antonio Hernandez in Ellensburg.... Mr. Hernandez was accompanied in the vehicle by Sotero Almendarez Aguilar.

On April 5, 1990, a confidential informant talked to Sotero Almendarez Aguilar....

On April 6, 1990, a confidential informant, under the direction of law enforcement officers, placed another telephone call to Sotero Almendarez Aguilar, at [the defendant property], and arranged for the purchase of one ounce of heroin....

*with* the indictment, Ct.Rec. 1, at 2–3:

That on or about the 4th day of April, 1990, at Yakima ... SOTERO ALMENDAREZ AGUILAR did knowingly or intentionally use a communication facility, to wit a telephone, in committing ... a narcotics felony....

That on or about the 4th day of April, 1990, at Ellensburg ... SOTERO ALMENDAREZ AGUILAR did distribute approximately two (2) ounces ... of ... heroin....

That on or about the 5th day of April, 1990, at Yakima ... SOTERO ALMENDAREZ AGUILAR did knowingly or intentionally use a communication facility, to wit a telephone, in committing ... a narcotics felony....

That on or about the 6th day of April, 1990, at Yakima ... SOTERO ALMENDAREZ AGUILAR did knowingly or intentionally use a communication facility, to wit a telephone, in committing ... a narcotics felony....

The forfeiture action has resulted in a Decree of Forfeiture. Therefore, this criminal proceeding is subject to a double jeopardy bar.

Second, the civil forfeiture action and the criminal prosecution constitute separate proceedings. They are two separate actions (one civil; one criminal), instituted at different times (by complaint of September 24, 1990; by indictment of June 12, 1990), and resolved at different times (the Decree of Forfeiture of July 18, 1991; the Order Accepting Guilty Plea of September 9, 1994). It is irrelevant which proceeding came first. *$405,089.23* focuses merely on the separateness, not the exact chronology, of the proceedings.

Third, civil forfeiture under 21 U.S.C. § 881(a)(6) and (7) constitutes punishment. The Ninth Circuit has found that § 881(a)(6) constitutes punishment. *$405,089.23*, at 1222.[2] The Supreme Court has found that § 881(a)(7) constitutes punishment. *Austin*, —— U.S. at ——, 113 S.Ct. at 2812.

It is irrelevant whether, as the government claims, Aguilar failed to contest the forfeiture. (Analogously, incarceration is still punishment, even if it is sentenced pursuant to a plea agreement rather than a contested trial.)[3]

---

**2.** The government contends that *$405,089.23* inappropriately applied *Austin*, a case interpreting the *Eighth Amendment*, in order to interpret the Fifth Amendment. The government argues that the Court should decline to follow *$405,089.23*. The government is incorrect. The Court is bound by Ninth Circuit authority; only the Circuit or the Supreme Court may decide if *$405,089.23* can be ignored.

**3.** The government cites as authority the case of *United States v. Torres*, 28 F.3d 1463 (7th Cir.

1994), which appears to hold to the contrary. This Court declines to follow this extra-jurisdictional authority. The Ninth Circuit in *$405,089.23* states that double jeopardy analysis depends on the nature of the forfeiture statute, not its particular employment. *See United States v. $405,089.23 United States Currency*, 33 F.3d 1210 (9th Cir.1994), at 1220:

Under *Austin*, in order to determine whether a forfeiture constitutes "punishment," we must look to the entire scope of the statute which

It is also irrelevant that, as the government claims, Congress authorized the multiple punishments. The Supreme Court and Ninth Circuit have dictated that employment of the Congressionally-authorized multiple punishment is unconstitutional, because it violates the double jeopardy clause.

### D. CONCLUSION

This criminal proceeding constitutes a second punishment for the conduct already punished by the civil forfeiture action, and is barred by the double jeopardy clause. **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Quash Indictment is **GRANTED. IT IS FURTHER ORDERED** that Defendant's Motion to Quash Indictment as Violation of Fifth Amendment, Ct.Rec. 15, is **GRANTED.** This matter is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.** The Clerk is directed to enter this order and forward copies to counsel.