UNITED STATES of America, Plaintiff,

v.

Jeffrey WALSH, Defendant.

No. CR 94–255 TUC RMB.

United States District Court,
D. Arizona.

Dec. 22, 1994.

Order Denying Reconsideration
Jan. 6, 1995.

Arizona Department of Public Safety ("DPS") who found 21.45 pounds of marijuana a 1971 Chevrolet Blazer that Walsh was driving. The agents also discovered and seized from Walsh, $2,110.00 in U.S. Currency, two items of jewelry and 2 cellular telephones. Following the arrest, DEA took custody of Walsh's money and the telephones but returned the jewelry. DPS seized the vehicle and the Pinal County Attorney's Office initiated forfeiture proceedings against the vehicle.

On March 21, 1994, DEA gave Walsh notice of its intent to forfeit the currency and telephones. It is uncontested that Walsh did not file a claim or respond to this notice of seizure. Consequently, DEA administratively forfeited the currency on May 6, 1994 and the telephones on May 13, 1994.

On June 8, 1994, a grand jury indicted Walsh for conspiracy to distribute marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. Walsh and the government have entered into a conditional plea agreement while preserving Walsh's ability to pursue the present motion to dismiss prior to his sentencing.

Janet Napolitano, U.S. Atty., Joseph E. Koehler, Asst. U.S. Atty., Tucson, AZ, for plaintiff.

Steven P. Sherick, Tucson, AZ, for defendant.

## ORDER

BILBY, District Judge.

The Court is asked to decide whether a subsequent criminal sentence after a separate administrative civil forfeiture is barred by the Fifth Amendment Double Jeopardy Clause. Having considered the pleadings, oral argument and current case law, the Court holds that in this case, it is not.

## BACKGROUND

On February 7, a Drug Enforcement Administration ("DEA") investigation resulted in Defendant Jeffrey Walsh's arrest. The arrest was a joint effort by DEA and the

## DISCUSSION

Walsh argues that since the government has already imposed punishment upon him in a separate civil forfeiture proceeding for the same violation of the law, any criminal sentence imposed violates the Double Jeopardy Clause. The government disagrees and asserts that double jeopardy does not attach to administrative forfeitures, the "same offense" element does not apply to this case and the forfeiture occurred by a separate sovereign.

First, the Court does not accept the government's separate sovereign argument. Although the vehicle was forfeited by a state agency, the currency and telephones were forfeited by the United States. What occurred at the state level is irrelevant as to whether the federal civil forfeiture serves as a punishment for double jeopardy purposes. Rather, the Court defines the issue as whether Walsh waived a double jeopardy challenge

because he did not respond to, or file a claim in, the civil forfeiture proceedings.

■ The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The Supreme Court in *Halper* found that civil forfeitures which are punitive can implicate the Double Jeopardy Clause. *Id.,* 490 U.S. at 448, 109 S.Ct. at 1901–02. Applying *Halper,* the Supreme Court specifically found that a civil forfeiture under Title 21 constitutes "punishment" and is subject to the limitations of the Eighth Amendment. *Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993). *Austin* concerned a finding that the Eighth Amendment's Excessive Fines Clause applies to civil forfeiture actions. *Austin,* —— U.S. at ——, 113 S.Ct. at 2811. Relying in part on *Austin,* the Ninth Circuit recognized the analysis of whether a particular forfeiture constitutes punishment for Double Jeopardy purposes is the same as the analysis used to answer an Excessive Fines question. *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210, 1218 n. 8 (9th Cir.1994). Thus, the Ninth Circuit in *$405,089.23* held that civil forfeiture proceedings constituted "punishment" and trigger the protections of the Double Jeopardy Clause. *Id.,* 33 F.3d at 1218.

Walsh relies on *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) to further his argument that his subsequent criminal conviction is barred by the Double Jeopardy Clause. Walsh seeks this Court to find that the forfeiture of $2,110.00 and two telephones precludes any sentence of imprisonment.

In *Kurth Ranch,* the Kurth family operated a farm in Montana with a sideline business in marijuana production and sales. Montana law enforcement officers raided the farm, arrested the Kurths and confiscated all of the marijuana plants, materials and paraphernalia they found. *Id.,* —— U.S. at —— – ——, 114 S.Ct. at 1941–42. Their illegal drug trade subjected the Kurth's to three separate legal proceedings, the criminal charges, a civil forfeiture and an assessment of tax on their marijuana plants. The Kurths settled the civil forfeiture proceeding with an agreement to forfeit cash and items of equipment. Later, the various criminal cases were resolved against the defendants. When Montana attempted to assess almost $900,000 in taxes on the marijuana plants, the Kurths filed for bankruptcy and challenged the constitutionality of the tax. Ultimately, the Supreme Court held that a tax imposed under Montana's Dangerous Drug Tax Act on persons arrested for drug offenses was "punishment" for purposes of double jeopardy analysis. *Kurth Ranch,* —— U.S. at —— – ——, 114 S.Ct. at 1947–48. Consequently, the Supreme Court found that the "proceeding Montana initiated to collect a tax on the possession of drugs was the functional equivalent of a successive criminal prosecution that placed the Kurths in jeopardy a second time 'for the same offense.' " *Kurth Ranch,* —— U.S. at ——, 114 S.Ct. at 1948.

Relying on *United States v. Torres,* 28 F.3d 1463, (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), the government argues that *Kurth Ranch* is inapplicable. The government asserts that because Walsh at his own choosing did not file a claim or respond to the notice of seizure, forfeiture of Walsh's unclaimed property did not violate any personal constitutional right.

In *Torres,* Renato Torres attempted to have the administrative forfeiture of the $60,000 seized from him on the date of his arrest adjudicated as a prior jeopardy barring his criminal conviction and imprisonment. As in this case, Torres received notice but chose not to make a claim in the civil forfeiture proceeding. The Seventh Circuit found that because Torres was a non-party, he was not at risk of a determination of guilt in the forfeiture proceeding and therefore, jeopardy did not attach. *Torres,* 28 F.3d at 1465.

The Seventh Circuit also found that *Kurth Ranch* was inapplicable because Torres's failure to make a claim in the forfeiture proceedings meant he did not own or have any interest in the currency. *Id.* Walsh con-

tends that this is a crucial difference from his case. He argues that when he was arrested, the government agents took *his* property. In other words, Walsh avows today that the seized currency has always belonged to him. Accordingly, he claims that the government has already inflicted its "punishment" against him for the crime charged and now his freedom cannot constitutionally be taken from him in the present proceeding. The Court disagrees.

Double Jeopardy is a personal constitutional right that can be waived. *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). The time for Walsh to advance a claim of ownership over his property has long since passed. Walsh elected not to be a party to the civil forfeiture proceedings. As such, no determination of his personal culpability occurred. Therefore, without risk of determination of guilt, jeopardy did not attach. *See United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994) (citing *Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975)). As a result, Walsh was not placed in jeopardy nor "punished" in a constitutional sense.

Moreover, *Kurth Ranch* does not aid Walsh. The Kurth family had no opportunity to opt out of the tax proceedings against them. They apparently made a claim in the forfeiture proceedings as evidenced by the settlement agreement. In contrast, Walsh had his opportunity to oppose the forfeiture; he chose to forgo it. Thus, there is no functional equivalent of a successive prosecution for the same offense in this case.

It does not offend constitutional principles to find that failure to file a claim or to respond to a civil forfeiture proceeding is an effective waiver to a subsequent Double Jeopardy challenge. To hold otherwise, would allow criminal defendants to choose their punishment. A criminal defendant could decide to forfeit material possessions in lieu of going to prison. That is certainly not the intent of Congress or recent Supreme Court decisions.

**THEREFORE IT IS ORDERED** that Jeffrey Walsh's Motion to Dismiss is DE-NIED. Sentencing set for December 28, 1994 at 9:15 a.m. is reaffirmed.

## ORDER ON RECONSIDERATION

Jeffrey Walsh seeks to have this Court reconsider its order denying his motion to dismiss. Walsh contends that the Seventh Circuit in *United States v. Torres,* 28 F.3d 1463 (7th Cir.1994) and this Court's reliance on that decision were wrong. Walsh asserts that the government's administrative forfeiture of his property prevents a subsequent criminal prosecution because it constitutes a second punishment for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. Walsh asserts that the fact that he did not file a claim in the prior forfeiture case is irrelevant because he avows ownership today over the seized property.

The Court disagrees. Walsh's reliance on *U.S. v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994) is misplaced. The defendants in that case filed claims thereby timely asserting ownership over the res in the civil forfeiture proceedings. *Id.* at 1214. That is not the situation here. Walsh was given notice on March 21, 1994 of the Drug Enforcement Administration's intent to forfeit $2,110.00 in U.S. Currency and two cellular telephones. After consulting with his attorney, Walsh chose not to file a claim in the civil forfeiture in hopes that the government would be content with his property in lieu of bringing criminal charges because of the small amount of marijuana. *See* Motion to Reconsider at 8. Thus, Walsh and his attorney made a strategic decision to waive a claim of ownership over the property. With clarity of hindsight and prison on the horizon, Walsh seeks to establish that which he should have claimed in March.

A motion to reconsider must demonstrate some valid reason why the Court should reconsider its prior decision, and it must set forth facts or law of a strongly convincing nature to induce the Court to reverse itself. Here, after reviewing the pleadings and the record, the Court declines to reverse itself. Plaintiff has not presented the Court with any persuasive evidence indicating that it made a manifest error of law or fact. Fur-

ther, he presents no newly discovered evidence. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reconsider Motion to Dismiss is **DENIED.**