**UNITED STATES of America, Plaintiff,**

v.

**Kevin E. BRADFORD, Defendant.**

**No. CR–92–2050–AAM.**

United States District Court,
E.D. Washington.

May 19, 1995.

Kevin E. Bradford, pro-se.

Pamela J. DeRusha, Asst. U.S. Atty., Spokane, WA, for U.S.

### AMENDED ORDER DENYING § 2255 MOTION

McDONALD, District Judge.

Before the court for resolution without oral argument is petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Ct.Rec. 84). In his motion, Bradford asserts that his criminal conviction and the civil administrative forfeiture action against his property were separate proceedings constituting multiple punishments for the same offense. Bradford argues that his criminal conviction constituted a second punishment and therefore must be vacated by this court as a violation of the double jeopardy clause of the Fifth Amendment. *See* Ct.Rec. 85 at 6–7.

After conducting the initial review of his motion set forth by law, the court determined that Bradford's motion did not conclusively show that he was *not* entitled to relief. The court noted that although Bradford had claimed that a civil administrative forfeiture of his property had occurred, Bradford had not provided any documentation verifying this fact. For that reason, the court ordered the government to answer the § 2255 motion and further directed the government to address this civil administrative forfeiture action. The government has properly submitted its response to the petitioner's motion. In addition, the court, pursuant to his request, granted leave for Bradford leave to file a reply to the government's answer. Bradford has done so in a timely fashion.

Based on its review of the record, and for the reasons set forth more fully below, the court is denying Bradford's § 2255 motion. This amended order replaces entirely the court's Order Denying § 2255 Motion entered on April 24, 1995.

### BACKGROUND:

On May 19, 1992, the Grand Jury issued a ten count Indictment against Kevin E. Bradford and seven codefendants. Bradford was specifically charged with: Engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848; Conspiracy to Distribute a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. 846; Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime (3 Counts), in violation of 18 U.S.C. § 924(c); Maintaining an Establishment for the Manufacturing of a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. § 856(a)(1); Manufacture of a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. § 841(a)(1); and Possession of a Controlled Substance

(Methamphetamine) with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).

On October 21, 1992, pursuant to a written plea agreement (Ct.Rec. 71), Bradford entered a guilty plea to Count Two of the Indictment charging him with Conspiracy to Distribute a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. § 846. On January 8, 1993, pursuant to the terms of the plea agreement, the court sentenced Bradford to 18 years imprisonment, as well as 5 years of supervised release. On January 11, 1993, the Judgment was signed by the court.

On March 16, 1992, pursuant to the search of Bradford's vehicle, the Washington State Patrol seized the following property: a 1984 Chevrolet Corvette, $6,689.00 cash, a cellular telephone, and a radar detector. Notice of the seizure and intent to forfeit this property was sent to Bradford on March 23, 1992. This property was administratively forfeited to the State of Washington on May 12, 1992, as no response requesting a hearing or claiming an interest in the property was ever filed.

On March 25, 1992, the Interagency Narcotics Enforcement Team seized various items of personal property from Bradford, including jet-skis, assorted motorcycles and other motor vehicles, an air compressor, spoked wheels, generator, and propane torch and tank. Notice of the seizure and intent to forfeit this property was served on Bradford on April 7, 1992. As Bradford failed to establish that these items were not involved in the sale, purchase, or delivery of a controlled substance, the Grant County Sheriff ordered that certain of the seized items of property be forfeited to the County.[1] Those items not forfeited were determined to be stolen and were returned to their respective owners.

On March 31, 1992, during the execution of a search warrant at 18927 27th Avenue East, Tacoma, Washington, the Washington State Patrol seized $6,276 cash, a 1974 Chevrolet Corvette, a 1964 Chevrolet Nova, and a cellular phone. Bradford was notified of the seizure and intent to forfeit on March 31, 1992. However, as no response requesting a hearing or claiming an interest was ever filed, this property was forfeited to the State of Washington on May 22, 1992.

On November 5, 1992, the Washington State Patrol seized a 1974 Chevrolet Corvette from Bradford. Notice of the seizure and intent to forfeit this property was sent to Bradford on November 5, 1992. However, as no response requesting a hearing or claiming an interest in the property was ever filed, the property was forfeited to the State of Washington on December 30, 1992.

DISCUSSION:

1. **Renewed Motion for Appointment of Counsel for 28 U.S.C. § 2255 Petition**

■ In the court's initial order on Bradford's § 2255 motion, the court considered Bradford's request for the appointment of counsel. While recognizing that the appointment of counsel to represent a petitioner in a § 2255 motion is discretionary, the court reserved on Bradford's request, noting that the government's answer could either present a need for an evidentiary hearing or raise issues of sufficient complexity to warrant such appointment. Subsequent to the court's initial order, Bradford filed a motion renewing his request for the appointment of counsel. He insists that his lack of education, the complexity of these issues, and the need for an evidentiary hearing warrant the court's appointment of counsel.

The court disagrees. First of all, petitioner has presented his motion to the court in a cogent manner; his lack of education has not significantly affected the quality of this motion. Moreover, a review of Bradford's motion and the list of cases he cites therein indicates that he has been sufficiently able to comprehend the "complex" issues raised by his Double Jeopardy claim. Finally, no evidentiary hearing is required in this case. The government's exhibits conclusively establish two separate grounds whereupon the

1. It is not entirely clear from the language of the Findings of Fact, Conclusions of Law and Order forfeiting Bradford's property which was entered by the Sheriff of Grant County whether Bradford ever filed any claim to this property. However, the court has been informed by the Grant County Sheriff's office that in fact Bradford never filed any claim or requested any hearing with respect to this forfeiture.

court's denial of Bradford's motion may be predicated. Therefore, the motion for appointment of counsel (Ct.Rec. 89) is **DENIED.**

## 2. Motion to Vacate or Set Aside Sentence

In *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), the Ninth Circuit determined that a civil forfeiture and criminal action pertaining to the same offense violate the Double Jeopardy Clause if: 1) the civil forfeiture action and criminal prosecution constitute separate proceedings; 2) the civil forfeiture constitutes "punish-. ment." *Id.* at 1216. Bradford contends that, as the facts in his case satisfy these criteria, his criminal conviction should be barred as the second attachment of jeopardy.

The government poses two arguments in opposition to Bradford's motion. Primarily, the government asserts that the doctrine of "dual sovereignty" applies to this case, since the forfeitures referenced by Bradford were conducted by state, rather than federal authorities. Tangentially, the government additionally maintains that since Bradford never contested any of the forfeitures listed above, he cannot now claim double jeopardy based on them.

### A. Double Jeopardy Does Not Apply to Proceedings By Separate Sovereigns

■ Under the dual sovereignty doctrine, successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy Clause. *United States v. Koon,* 34 F.3d 1416, 1438 (9th Cir.1994) (*citing, Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985)); *United States v. Traylor,* 978 F.2d 1131, 1132 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1958, 123 L.Ed.2d 662 (1993); *United States v. Branum,* 872 F.Supp. 801, 803 (D.Or.1994). This doctrine is premised on the notion that "[w]hen a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offenses.'" *Traylor,* 978 F.2d at 1132 (*quoting, Heath,* 474 U.S. at 88, 106 S.Ct. at 437).

In *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994), the district court dealt with a situation identical to the one presented by Bradford. In *Branum,* the State of Oregon initiated and consummated the forfeiture proceeding against the defendant, whereas, the United States filed the criminal drug charges, to which the defendant pleaded guilty. *Id.* at 803. Finding it unquestionable that these two separate proceedings were brought by separate sovereigns, the district court held that "[a] straightforward application of the dual sovereignty doctrine, under the facts of this case, compels a conclusion that Branum has not been subjected to two penalties by the same sovereign." *Id.* at 804; *see also, United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive, Babylon, NY,* 954 F.2d 29, 38 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992) ("Even assuming that the forfeiture is a criminal penalty, the Double Jeopardy Clause prohibits two criminal punishments for the same offense only when they are sought by the same sovereign government"); *United States v. A Parcel of Land With a Bldg. L. Thereon,* 884 F.2d 41 (1st Cir.1989) (where defendants were convicted for drug possession in state court, their civil forfeiture action, brought by the federal government was not barred by the Double Jeopardy Clause).

■ Although Bradford asserts that the State of Washington turned over all of the property seized from him to the United States, it is clear, based on the exhibits submitted by the government, that none of these forfeiture actions were prosecuted by the federal government. Moreover, Bradford's assertion that this property was transferred to the government is unsupported; the government argues, and its exhibits suggest, that this property was retained by either state or county entities. Since the civil administrative forfeitures against Bradford's property and his corresponding criminal prosecution were initiated by separate sovereigns, there is no implication of the bar against double jeopardy.

The Ninth Circuit has recognized a "narrow" exception to the dual sovereignty doctrine:

If the second prosecution, otherwise permissible under the dual sovereignty rule, is not pursued to vindicate the separate interests of the second sovereign, but is merely pursued as a sham on behalf of the sovereign first to prosecute, it may be subject to a successful double jeopardy challenge.

*United States v. Koon,* 34 F.3d 1416, 1438 (9th Cir.1994) (*quoting, United States v. Guy,* 903 F.2d 1240, 1242 (9th Cir.1990)). This narrow exception was first articulated by the Supreme Court in *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

In his reply brief, the petitioner suggests that this exception should apply. He asserts that the civil forfeiture by Washington authorities and the separate federal criminal prosecution were merely a "sham" whereby Washington authorities accomplished what the Double Jeopardy Clause would otherwise prohibit the State of Washington from doing—punishing him twice for the same offense.

■ However, despite his claims to the contrary, petitioner's argument constitutes nothing more than a conclusory allegation. In this case, there is no evidence which would suggest that this exception should apply. To invoke this exception and demonstrate double jeopardy, it is not sufficient for the defendant merely to show that there was cooperation between the federal and state authorities; rather, the defendant must prove that the subsequent prosecuting attorney is a "tool" for the first, or the proceeding is a "sham," done at the behest of the prior authority. *Koon,* 34 F.3d at 1439. Nothing in the exhibits produced by the government permits even an inference of any collusion between the federal and state authorities in their respective prosecutions. Rather, it is evident that each of these sovereigns legitimately pursued the vindication of their separate interests. Consequently, this exception to the dual sovereignty rule does not apply.

### B. Jeopardy Never Attached in the State Forfeiture Proceedings

In each of the forfeiture proceedings detailed in the government's exhibits, the state authorities mailed notice to Bradford of their intent to forfeit his property within an affixed period unless a request for hearing or claim of interest in the property was filed. Indeed, Bradford acknowledges the receipt of the forfeiture notice for at least one of these proceedings. (Ct.Rec. 85 at 2). However, despite these notices, Bradford never challenged the administrative forfeiture of his property.

The government argues that since Bradford never contested the forfeiture of this property, jeopardy never attached as a result of these administrative proceedings. Government's Response (Ct.Rec. 90) at 5 n. 2. Bradford, however, maintains that it makes no difference whether or not these forfeiture actions were resolved through his failure to file a timely response. Rather, he asserts that where double jeopardy is concerned, a contested trial is not necessary.

■ However, Bradford's argument is contradicted by the holdings of several recent cases addressing this issue. Those cases note that Double Jeopardy is a personal constitutional right that can be waived. *See United States v. Halper,* 490 U.S. 435, 447, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487 (1989); *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *United States v. Walsh,* 873 F.Supp. 334 (D.Ariz. 1994); *United States v. Branum,* 872 F.Supp. 801, 803 (D.Or.1994); *United States v. Kemmish,* 869 F.Supp. 803 (S.D.Cal.1994).

■ The recent district court decisions on this issue have followed the holding of the Seventh Circuit in *United States v. Torres,* 28 F.3d 1463 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). *See Walsh,* 873 F.Supp. at 334; *Branum,* 872 F.Supp. at 801; *Kemmish,* 869 F.Supp. at 803. In *Torres,* the defendant argued that the administrative forfeiture of his cash constituted former jeopardy barring his subsequent criminal conviction and sentence of imprisonment. *Id.* at 1464. As in this case, the defendant in *Torres* received notice of the intent to forfeit his property but failed to make a claim in the civil forfeiture proceeding. *Id.* The Seventh Circuit determined that because the defendant did not

make such a claim, he was a non-party to the forfeiture; therefore, jeopardy did not attach. *Id.* at 1465. "As a non-party, Torres was not at risk in the forfeiture proceeding, and '[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.'" *Id.* (*citing, Serfass v. United States*, 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)); *see also Branum*, 872 F.Supp. at 803; *Kemmish*, 869 F.Supp. at 805.

In support of his assertion that a contested trial is not a necessary prerequisite to the attachment of jeopardy, Bradford cites *Department of Revenue of Montana v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). In *Kurth Ranch*, three separate legal proceedings were initiated against the defendants pursuant to their illegal drug trade: 1) criminal charges; 2) a civil forfeiture; and 3) an assessment of tax on their marijuana plants. *Id.* at 1942. The defendants pleaded guilty to criminal charges, settled the forfeiture action through an agreement to forfeit certain cash and property, and contested the tax assessments in administrative proceedings. *Id.* at 1942–43. Ultimately, the Supreme Court held that the proceeding initiated by Montana to collect the tax assessment on the possession of drugs was the "functional equivalent of a successive criminal prosecution" that placed the defendants in jeopardy a second time for the same offense. *Id.* at 1948.

This case, however, is unlike *Kurth Ranch*. The defendants in *Kurth* "had no opportunity to opt out of the tax proceedings against them." *Walsh*, 873 F.Supp. at 337. Bradford, on the other hand was afforded the opportunity to oppose his forfeiture, but chose, for whatever reason, not to do so. As the Seventh Circuit observed in *Torres*, Bradford was no more "in jeopardy" in these forfeiture proceedings in which he was not a party than he would have been in a separate trial of one of his codefendants. *Torres*, 28 F.3d at 1465.

Put simply, a defendant who elects not to contest the forfeiture of his property cannot "have his cake and eat it too"—he cannot avoid the adjudication of his personal culpability at one stage, then suddenly assert that the forfeiture of these items has exposed him to jeopardy when such a position becomes advantageous. The Double Jeopardy Clause is not such a malleable tool to be manipulated solely to satisfy a defendant's strategic interests. Indeed, "where a person 'successfully avoid[s] such a[n] adjudication ... [of] guilt or innocence,' he has been 'neither acquitted nor convicted' for purposes of double jeopardy." *Kemmish*, 869 F.Supp. at 805 (*quoting, United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978)).[2]

## C. There is No Equal Protection Violation

Bradford also contends in his reply brief that the separate proceedings by Washington State and federal authorities violated his Constitutional right to equal protection under the law. He maintains that a policy has developed in the United States Attorney's office whereby a second prosecution of a defendant shall not be instituted unless the interests of society are such that a second prosecution is necessary. He baldly asserts that such second prosecutions may only be instituted by written permission of the United States Attorney in Washington, D.C. He claims that he is part of a protected class, in that others similarly situated to him have been given the benefit of this policy, whereas he has not.

Petitioner's argument is utterly without merit. The "policy" referred to by Bradford

---

2. The court recognizes that its ruling on this issue conflicts to some degree with the position taken in two prior decisions. In *United States v. Aguilar*, 886 F.Supp. 740 (E.D.Wash.1994), the court indicated that it was irrelevant whether or not the defendant had contested his civil forfeiture action. The court considered yet declined to follow the holding of *United States v. Torres*, 28 F.3d 1463 (7th Cir.1994). Similarly, in *United States v. Heitzman*, 886 F.Supp. 737 (E.D.Wash. 1994), the court found that a civil administrative forfeiture provided initial jeopardy despite the fact that the defendant apparently failed to file any claim in relation to the administrative forfeiture proceeding. With respect to any incongruity, the court notes that at the time of its decisions in *Aguilar* and *Heitzman*, it was without the benefit of the district court cases relied upon above.

is not a law; therefore, the Equal Protection Clause is not implicated. The authority cited to by petitioner, *Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), does not recognize this "policy" as conferring any kind of legal right upon criminal defendants. In *Petite,* the Supreme Court expressly refused to address the issue of double jeopardy, but rather merely granted the parties' joint motion to remand and dismiss the indictment. *Id.* at 531, 80 S.Ct. at 451. Thus, *Petite* does not provide any authority for petitioner's equal protection argument.

**CONCLUSION:**

Upon examination, it is clear that no jeopardy attached to Bradford as a result of the civil forfeitures upon which he relies. Without former jeopardy, there cannot be double jeopardy. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's § 2255 motion is **DENIED.**

**IT IS SO ORDERED.** The Clerk is directed to enter this order and forward copies to both the petitioner and the government.