**UNITED STATES of America**

v.

**Augusto G. FALCON and Salvador MAGLUTA.**

**No. 91–6060–CR.**

United States District Court, S.D. Florida.

Sept. 14, 1995.

235

dy Clause (docket no. 930), filed on July 10, 1995.

THE COURT, having considered Defendants' pleadings, the Government's response and the pertinent portions of the record, DENIES the motion, as well as Defendants' request that the trial be stayed pending interlocutory review of this Order.

## BACKGROUND

Defendants Augusto Falcon and Salvador Magluta are charged in a twenty-four (24) count indictment with managing a continuing criminal enterprise, 21 U.S.C. § 848, importing cocaine, 21 U.S.C. § 952, possessing with intent to distribute cocaine, 21 U.S.C. § 841, and conspiring to commit the same, 21 U.S.C. §§ 846, 963. The indictment encompasses the period of Defendants' alleged criminal conduct from 1978 until the return of the indictment on April 10, 1991. The indictment also names approximately twenty parcels of real property as subject to criminal forfeiture upon Defendants' conviction, all pursuant to 21 U.S.C. § 853.

The Court previously denied Defendants' "Motion to Dismiss Indictment for Violation of Double Jeopardy Clause" (docket no. 641). The Court also denied Defendants' "Motion for Finding that Double Jeopardy Claims are Non–Frivolous" and Defendants' "Motion for Stay Pending Interlocutory Appeal" (docket no. 673).

Defendants' renewed motion to dismiss incorporates by reference the factual background set forth in the original motion. The original motion was predicated on numerous civil forfeitures resulting from allegations that Defendants violated drug laws: (1) *United States v. Certain Real Property Known as CMM Ranch,* No. 88–1603–CIV–DAVIS, United States District Court for the Southern District of Florida; (2) *United States v. Condominium Unit 310, Vail International Condominiums,* No. 89–M–896, United States District Court of Colorado; (3) *United States v. Certain Real Property,* No. 91–1077–CIV–DAVIS, United States District Court for the Southern District of Florida;[1]

Christopher Clark, Assistant United States Attorney Michael Patrick Sullivan, Assistant United States Attorney United States Attorney's Office, Miami Florida, for U.S.

Martin G. Weinberg, Boston, MA, Roy Black, Miami, Florida, for Salvador Magluta.

Albert Krieger, Susan W. Van Dusen, Miami, FL, Scott A. Srebnick, Miami, FL, for Augusto G. Falcon.

## ORDER DENYING DEFENDANTS' RENEWED MOTION TO DISMISS INDICTMENT FOR VIOLATION OF DOUBLE JEOPARDY CLAUSE

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendants' Renewed Motion to Dismiss Indictment for Violation of the Double Jeopar-

**1.** Although several parties filed claims in the civil forfeiture action in *Certain Real Property,* No. 91–

1077–CIV–DAVIS, Defendants did not file any claims or answers in the proceeding. A settle-

and (4) various administrative forfeitures arising from the Drug Enforcement Administration's seizures of numerous items pursuant to 21 U.S.C. § 881 on October 15, 1991.[2] Notably, Defendants did not file claims or answers in these forfeiture proceedings and the defendant properties were ultimately forfeited to the United States. Indeed, Defendants concede that they have never argued to the Court that they had filed claims in the forfeiture proceedings.

## SUMMARY OF ARGUMENTS

Defendants insist that the uncontested civil and administrative forfeitures constitute "punishment" for purposes of double jeopardy and, thus, the prosecution of Defendants for drug offenses violates their rights to be free from multiple punishments. In support of their renewed motion, Defendants cite to the United States Supreme Court's decision in *Dept. of Revenue of Montana v. Kurth Ranch*, — U.S. —, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), holding that a tax imposed under the state's drug tax law constituted a second punishment of the individuals, and was therefore barred by the Double Jeopardy Clause of the Fifth Amendment. Defendants also rely on the recent decision of the United States Court of Appeals for the Ninth Circuit in *United States v. $405,089 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994). In *$405,089*, the court held that a civil forfeiture under section 881(a)(6) for drug proceeds qualifies as "punishment" which triggers protections of the Double Jeopardy Clause.

The Government counters that, because Defendants opted not to contest the forfeiture actions, jeopardy did not attach and consequently the Double Jeopardy Clause does not bar the criminal prosecution. The Government further argues that, even if Defendants can pursue their double jeopardy claim despite their failure to contest the forfeiture actions, the forfeiture of the proceeds of criminal conduct pursuant to 21 U.S.C.

§ 881(a)(6) is not punishment under double jeopardy analysis. The Government urges the Court to follow *United States v. Tilley*, 18 F.3d 295, 300 (5th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994), concluding that the forfeiture of proceeds of illegal drug sales is "not punishment 'within the plain meaning of the word.'" Lastly, the Government asserts that the bar of double jeopardy is not applicable as the forfeitures and the criminal charges in this case have differing elements.

## DISCUSSION

The question presented is whether civil and administrative forfeitures of drug proceeds constitute "punishment" for purposes of the Double Jeopardy Clause.

As a prerequisite to engaging in double jeopardy analysis, the Court must first decide whether initial jeopardy attached as a result of the forfeitures. In each of the civil and administrative forfeiture proceedings detailed in the Government's Exhibits, Defendants received notices inviting them to file claims or contest the forfeitures; yet, Defendants chose not to challenge the forfeitures. Defendants maintain that jeopardy attached as a result of the forfeitures, despite their failure to file claims in the forfeiture proceedings, in view of the Government's sworn allegations that Defendants were the beneficial owners of the properties sought to be forfeited. The Court, however, is not persuaded by this argument in light of the recent cases addressing the attachment threshold issue.

The Courts of Appeals for the Third, Fifth and Sixth Circuits, as well as several district courts, have followed the holding of the Seventh Circuit in *United States v. Torres*, 28 F.3d 1463 (7th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). The *Torres* Court held that, because the double jeopardy claimant failed to make a claim in the civil forfeiture proceeding, he

---

ment agreement was reached in that case and District Judge Edward B. Davis ordered on February 10, 1993 that the defendant property be forfeited to the Government. Subsequently, Judge Davis granted the Government's motion for a dismissal of the civil forfeiture action.

**2.** The administrative forfeiture procedure is available to the Government only in cases where the value of the seized property is small and the seized property in question goes unclaimed. *United States v. Baird*, 63 F.3d 1213, 1216 (3rd Cir.1995).

was a non-party; therefore, jeopardy did not attach as a result of the forfeiture of the drug money. *Id.* at 1465. The Seventh Circuit reasoned that

> [a]s a non-party, Torres was not at risk in the forfeiture proceeding, and "[w]ithout risk of a determination of guilty, jeopardy does not attach, and neither an appeal or further prosecution constitutes double jeopardy."

*Id.* (citing *Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975)).

Relying on *Torres,* the Third Circuit in *United States v. Baird,* 63 F.3d 1213, 1217 (3d Cir.1995), concluded that initial jeopardy did not attach as a result of an administrative forfeiture of seized money. In doing so, the court discussed at length the process of administrative forfeiture, noting that the procedure is only appropriate in cases where the seized property is unclaimed. *Id.* at 1215–1217. The panel, comparing the defendant to Torres, announced that, "[b]ecause Baird never asserted an interest in the money that was seized from his residence, he cannot now claim to have been punished by his forfeiture." *Id.* at 1216.

The Fifth Circuit in *United States v. Arreola–Ramos,* 60 F.3d 188, 191 (5th Cir.1995), also followed *Torres* and held that former jeopardy did not arise during summary forfeiture proceedings where "there is no trial, there are no parties, and no one is punished." As in *Torres* and *Baird,* the court's finding of no prior jeopardy was based on the defendant's failure to appear and contest the forfeiture.

The validity of the holding in *Torres* was also recognized by the Sixth Circuit in *Unit-* ed States v. Ursery, 59 F.3d 568, 571 (6th Cir.1995). The *Ursery* court, however, determined that jeopardy attached in a civil forfeiture proceeding as the defendant, unlike Torres, actually made a claim in the forfeiture proceeding. *Id.*

Although most district court decisions addressing this issue have concluded that jeopardy does not attach in a civil forfeiture where the party claiming double jeopardy is not a party to the forfeiture proceeding,[3] the United States District Court for the Northern District of California adopted a different view in *United States v. Pius Ailemen,* 893 F.Supp. 888 (N.D.Cal.1995) (Report and Recommendation of March 24, 1995 affirmed and adopted by the district court on May 9, 1995). District Judge Vaughn R. Walker, rejecting the *Torres* approach, affirmed the Magistrate Judge's finding that the government imposed a punishment on the defendant when it forfeited his money despite the defendant's failure to make a formal appearance in the forfeiture proceeding.

■ Defendants' attempt to persuade this Court to adopt the reasoning articulated in *Pius* and the dissenting opinion in *United States v. Baird* must fail in the absence of guidance from the Eleventh Circuit.[4] The Court adheres to the majority view expressed in *Torres* and its progeny, and accordingly declines to follow the district court decisions which hold to the contrary.[5]

■ Applying the *Torres* analysis to this case, the Court concludes that Defendants were not subject to jeopardy in the forfeiture proceedings. Because of Defendants' election not to contest the forfeitures proceedings or respond to the notices of seizure,

---

3. *See, e.g., United States v. Bradford,* 886 F.Supp. 744, 749 (E.D.Wash.1995) ("a defendant who elects not to contest the forfeiture of his property cannot 'have his cake and eat it too'—he cannot avoid the adjudication of his personal culpability at one stage, then suddenly assert that the forfeiture of these items has exposed him to jeopardy."); *United States v. Walsh,* 873 F.Supp. 334, 336–7 (D.Ariz.1994); *United States v. Branum,* 872 F.Supp. 801, 803 (D.Or.1994); *United States v. Sherrett,* 877 F.Supp. 519 (D.Or.1995); *United States v. Wehr,* 890 F.Supp. 946 (D.Or.1995); *United States v. Kemmish,* 869 F.Supp. 803 805–6 (S.D.Cal.1994).

4. The dissent in *Baird* announced that the appropriate inquiry is "whether defendant was the owner, not whether he filed a proper and timely claim of ownership in the forfeiture proceeding." *Baird,* 63 F.3d at 1223.

5. *See United States v. Heitzman,* 886 F.Supp. 737 (E.D.Wash.1994); *United States v. Aguilar,* 886 F.Supp. 740 (E.D.Wash.1994) (indicating that it was irrelevant whether defendant contested forfeiture action).

there was no determination of their personal culpability. "Without risk of a determination of guilt, [initial] jeopardy [did] not attach," *Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064–65, 43 L.Ed.2d 265 (1975), and consequently there cannot be double jeopardy. *See Torres,* 28 F.3d at 1465.

■ Moreover, the fact that the Government alleged in the civil proceedings that Defendants were the owners of the forfeited property does not add force to Defendants' position. Even if Defendants were to expressly avow ownership today over the forfeited property, the Court would still conclude that Defendants were not placed in jeopardy or "punished" within the meaning of the Fifth Amendment. *Walsh,* 873 F.Supp. at 336 (relying on *Torres* ); *See also Kemmish,* 869 F.Supp. at 805 (noting that "[e]ven where the unclaimed property is titled in the name of some person, personal rights protected by the Double Jeopardy Clause are not affected by the forfeiture of the property.").[6] The Court's finding of no jeopardy is based on Defendants' decision to avoid a determination of culpability in the civil proceedings. Simply stated, "jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of fact, whether the trier be a jury or a judge.'" *Serfass,* 420 U.S. at 388, 95 S.Ct. at 1062.

The Court recognizes that there is a split of authority in the federal courts of appeals on the issue of whether the forfeitures of drug proceeds constitute punishment under the Double Jeopardy Clause where Defendants contest the forfeitures. Notably, the Government forfeited properties under both "proceeds" (21 U.S.C. § 881(a)(6)) and "use" (21 U.S.C. § 881(a)(7)) theories. The Court limits its double jeopardy analysis to forfeiture on a "proceeds" theory in view of the United States Supreme Court's holding in *Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993).

In *Austin,* the Supreme Court held that the Excessive Fines Clause of the Eighth Amendment applies to the forfeiture of property under 21 U.S.C. § 881(a)(4)—conveyances used to facilitate transportation of controlled substances—and (a)(7)—real estate used in drug transactions—because these types of forfeiture serve, at least in part, to punish and deter the owner. *Austin,* at —— – ——, 113 S.Ct. at 2810–11.[7] The Court's holding was based on the punitive nature of § 881(a)(4) and (a)(7).

The parties do not cite to any Eleventh Circuit case that directly considers the issue of whether the forfeiture of the proceeds of criminal conduct constitutes "punishment" for purposes of the Double Jeopardy Clause. Defendants' position, however, has been rejected by the Fifth Circuit in *U.S. v. Tilley,* 18 F.3d 295, 300 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994). In *Tilley,* the court held that a judgment of forfeiture of drug proceeds based on a stipulated forfeiture agreement did not qualify as "punishment" and, thus, affirmed the district court's denial of the defendant's motion to dismiss the indictment. The court reasoned that

> the forfeiture of illegal proceeds, much like the confiscation of stolen money from a bank robber, merely places that party in the lawfully protected financial status quo that he enjoyed prior to launching his illegal scheme.

*Id.*

Adopting the *Tilley* approach, District Judge Stanley Marcus in *United States v. 70 Pieces of Assorted Jewelry,* (No. 91–928–CIV–MARCUS, United States District Court for the Southern District of Florida, Order of October 7, 1994), held that the forfeiture of property purchased with the proceeds of narcotics transactions could not be considered "punishment" in the constitutional sense. Noting the complaint's allegations that the property consisted entirely of proceeds trace-

---

6. Expanding on *Torres,* the Sixth Circuit in *Baird* stressed that even an assumption that the defendant was the owner of the forfeited money would not alter the finding that administrative forfeitures do not place in jeopardy the person whose property is forfeited. *Baird,* 63 F.3d 1213, 1216.

7. Although the Government forfeited properties pursuant to § 881(a)(7), *Austin* does not affect the Court's ruling as the claimant in *Austin,* unlike Defendants, contested the forfeiture.

able from drug sales, Judge Marcus characterized the forfeiture under 21 U.S.C. § 881(a)(6) as remedial, rather than punitive. *Id.* at 7 n. 2. The court expressed that "[i]f the property is forfeited, the [c]laimants may lose nothing to which they were legally entitled." *Id.* at 7. The court proceeded to distinguish Circuit Judge Stephen Reinhardt's opinion in *United States v. $405,089 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), on the ground that the Ninth Circuit, based on the facts presented in that case, was not convinced that "the property consist[ed] entirely of illegal proceeds." *Id.* at 7 n. 2; *$405,089*, 33 F.3d at 1220.

Similarly, District Judge Ursula Ungaro-Benages distinguished *$405,089* in *United States v. Eighty Five Thousand Dollars in United States Currency* (No. 91–2331–CIV–UNGARGO–BENAGES, United States District Court for the Southern District of Florida, Report and Recommendation of June 21, 1995, adopted by the district court on July 26, 1995) and denied the claimant's motion to dismiss the complaint for forfeiture.

The Ninth Circuit in *$405,089* held that a civil forfeiture action under 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6) based on drug and money laundering offenses constituted "punishment" because the forfeiture statutes do not serve solely a remedial purpose. *$405,089*, 33 F.3d at 1222. In so holding, the panel relied on the United States Supreme Court's pronouncement in *Austin* that forfeiture continues to serve punitive purposes. *Id.* at 1220.

Moreover, the court in *$405,089* rejected the government's reliance on *Tilley*, stressing the importance of the scope of the forfeiture statutes as a whole, as opposed to the characteristics of the specific property the government was seeking to forfeit. *Id.* Judge Reinhardt refused to adopt a "case-by-case approach" in view of the *Austin* Court's ruling that the requirements of the forfeiture

statute dictate whether a forfeiture constitutes "punishment." *Id.*[8]

Although Judge Reinhardt expressed in a footnote in *$405,089* his inability to conclude that the property in that case "consist[ed] entirely of illegal proceeds," he explicitly refused to consider the property at issue in making his determination of whether the forfeitures qualify as "punishment." *$405,089*, 33 F.3d at 1220; instead, he turned to the forfeiture statutes invoked in that case, 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A). Observing that the statutes were not limited to the proceeds of illegal activity, the court concluded that they did not serve "solely a remedial purpose," and accordingly held that the civil forfeiture qualified as "punishment." *Id.* at 1221.

It is apparent that the position of the Ninth Circuit in *$405,089* directly contradicts the Fifth Circuit's reasoning in *Tilley*. The Court acknowledges this conflict among the Circuits and the instructive analysis adopted in the decisions from the Southern District of Florida. However, because of the Court's conclusion that initial jeopardy did not attach as a result of the civil and administrative forfeitures, the Court need not decide the issue of which Circuit authority to follow.

### CONCLUSION

In view of the Court's finding of no prior jeopardy, Defendants' Renewed Motion to Dismiss the Indictment for Violation of the Double Jeopardy Clause is DENIED. Furthermore, Defendants' request that the trial in this four-year old case be stayed pending interlocutory review of this Order is DENIED.

DONE AND ORDERED.

---

8. As Judge Marcus observed in *70 Pieces of Assorted Jewelry*, several district courts have held that forfeiture under § 881(a)(6)—proceeds traceable to illegal drug sales—does not implicate the Excessive Fines Clause as § 881(a)(6) serves a remedial purpose. *See, e.g., United States v. $45,140.00 Currency*, 839 F.Supp. 556, 558 (N.D.Ill.1993); *United States v. All Assets*

*and Equipment of West Side Building Corporation*, 843 F.Supp. 377, 383 (N.D.Ill.1993), *aff'd in part, remanded in part*, 58 F.3d 1181 (7th Cir. 1995). Moreover, the Fifth Circuit has declared that the logic of *Austin* is inapplicable to the forfeiture of drug proceeds pursuant to § 881(a)(6). *See Tilley*, 18 F.3d at 300.