# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### AUGUST 1997 SESSION

FILED

September 17, 1997

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9609-CR-00348 |
| Appellee, | ) |
| | ) Sullivan County |
| V. | ) |
| | ) Honorable R. Jerry Beck, Judge |
| | ) |
| **TOMMY A. BACON,** | ) (Double Jeopardy - |
| | )   Forfeiture Proceedings) |
| Appellant. | ) |

FOR THE APPELLANT:

Stephen M. Wallace
District Public Defender

Gale K. Flanary
Assistant Public Defender
P.O. Box 839
Blountville, TN 37617-0839

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General

Gregory A. Newman
Assistant District Attorney General
P.O. Box 526
Blountville, TN 37617-0526

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Tommy A. Bacon, was indicted for selling over .5 ounces of marijuana, possession of over .5 ounces of marijuana with intent to sell, and possession of drug paraphernalia. Following a summary administrative forfeiture, the appellant moved to dismiss his criminal charges. He argued that the double jeopardy clause prohibited criminal prosecution. The trial judge denied the appellant's motion. He pled guilty to all three charges, appealing a certified question of law regarding the double jeopardy issue to this Court. Upon review, we affirm the judgment of the trial court.

## FACTS

The appellant was arrested for selling marijuana. The arresting officer confiscated $667.31 from the appellant pursuant to Tenn. Code Ann. § 53-11-451. The appellant was informed that he had a right to a hearing to challenge the seizure. However, the appellant never exercised this right. The $667.31 was, therefore, summarily forfeited to the Tennessee Department of Safety.

## ANALYSIS

The appellant concedes that he was provided notice of the right to challenge the forfeiture. He, however, elected to neither file a claim nor enter an appearance to contest the forfeiture. It is well settled that a party asserting double jeopardy must have been a party to a prior proceeding. United States v. Schinnell, 80 F.3d 1064, 1068 (5th Cir. 1996); United States v. Torres, 28 F.3d 1463, 1465 (7th Cir 1994). To attain party status in a civil forfeiture, one must, at the very least, file a claim in response to the notice of seizure. See United States v. Walsh, 873 F. Supp. 334, 336-37 (D. Ariz. 1994) (citing Torres for the proposition that jeopardy did not attach to a forfeiture where defendant did not make any claim in civil forfeiture proceeding).

The appellant elected not to file a claim. Having made this election, he was neither a party to nor was punished by the nontrial forfeiture.[1] Albeit a legal fiction, unclaimed property is technically abandoned or unowned. Forfeiture of unowned or abandoned property punishes no one. <u>United States v. Schinnell</u>, 80 F.3d 1064, 1068 (5th Cir. 1996). Jeopardy cannot attach in the absence of either a party or a punishment. The trial court's denial of the appellant's motion to dismiss the indictment is affirmed.

_____
PAUL G. SUMMERS, Judge


CONCUR:

_____

[1]This is not to say that had the appellant filed a proper claim, the state would have been barred from bringing subsequent criminal prosecution. <u>See</u> <u>U.S. v. Ursery</u>, 64 U.S.L.W 4565 (1996) (holding <u>in</u> <u>rem</u> <u>civil</u> forfeitures not punishment for purposes of double jeopardy). We merely hold that in the absence of standing, we do not reach the substantive issue.

_____
GARY R. WADE, Judge

_____
WILLIAM M. BARKER, Judge