PUBLISH

UNITED STATES COURT OF APPEALS
**Filed 1/31/96**          TENTH CIRCUIT

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff-Appellee,      )
                                 )
v.                               )          No. 95-2162
                                 )
DANIEL CURTIS GERMAN,            )
                                 )
        Defendant-Appellant.     )

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CR-95-108-HB)

Submitted on the briefs:

John J. Kelly, United States Attorney, and Kelly H. Burnham, Assistant United States Attorney, Las Cruces, New Mexico, for Plaintiff-Appellee.

Joseph (SIB) Abraham, Jr., El Paso, Texas, for Defendant-Appellant.

Before KELLY and BARRETT, Circuit Judges, and O'CONNOR, Senior District Judge.*

O'CONNOR, Senior District Judge.

* The Honorable Earl E. O'Connor, Senior United States District Judge for the District of Kansas, sitting by designation.

The defendant, Daniel Curtis German, was indicted for possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B). He appeals from the district court's order denying his motion to

dismiss the indictment on double jeopardy grounds.  We find that we have jurisdiction of this appeal and affirm.[1]

## I.  Background

The relevant facts are not in dispute.  On February 11, 1995, German was arrested for transporting over 700 pounds of marijuana in the truck he was driving.  At the time of his arrest, a Drug Enforcement Administration ("DEA") agent seized the truck and gave German a DEA notice entitled "Notice of Seizure of a Conveyance for a Drug-Related Offense."  The notice advised German that the truck was seized because it was used to transport drugs and to facilitate drug trafficking, and was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).  The notice also informed defendant that he would receive a separate notice providing further details of the seizure and his available rights at a later date.  In addition, the notice stated:

> Upon the filing of a claim and the posting of a cost bond, the merits of the claim and the determination of forfeiture will be conducted through a judicial proceeding pursuant to Title 21, U.S.C. Section 881; Title 19, U.S.C., Sections 1602-1608; and Title 21, C.F.R. Sections 1316.17-1316.81 and Sections 1316.90-1316.99.

Defendant signed the notice acknowledging receipt of the same.

The DEA subsequently sent German another document relating to the truck entitled "Notice of Seizure," dated March 20, 1995.  On

---

[1]After examining the briefs and the appellate record, the panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9.   The case is therefore ordered submitted without oral argument.

March 25, 1995, German signed a Domestic Return Receipt acknowledging receipt of the Notice of Seizure.  The prefatory language in the Notice of Seizure provided in part:

> You may petition the DEA for the return of the property or your interest in it (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in **court**.  Also, under certain circumstances, you may petition for the expedited release of the property.  **You should review the following procedures very carefully**.

Notice of Seizure (emphasis in original).  With regard to the specific procedure for contesting the forfeiture of the seized property, the Notice of Seizure explained that:

> In addition to or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT.  To do so, you must file a claim of ownership and cost bond with the DEA. . . .  If you are indigent (needy or poor) you may not have to post the bond.  To request a waiver of the bond, you must fully disclose your finances in a signed statement called a "Declaration in Support of Request to Proceed *In Forma Pauperis*" along with a claim of ownership of the property. . . .  The claim of ownership, with either bond or the "Declaration in Support of Request to Proceed *In Forma Pauperis*" must be filed within **twenty (20) days of the first date** of publication of the notice of seizure in the edition of USA Today newspaper referenced above.

Id. (emphasis in original).  The Notice of Seizure stated that the date of first publication of the notice of seizure would be March 29, 1995.  Thus, in order for defendant to timely file the papers necessary to properly contest the forfeiture of the truck, he needed to file a claim of ownership, along with a cost bond or an in forma pauperis declaration, by April 18, 1995.

On April 26, 1995, the DEA received from defendant an "Affidavit in Forma Pauperis."  The next day, the DEA sent German's

attorney a letter, advising that the DEA was returning the in forma pauperis affidavit because it had been filed after the April 18th deadline date. The letter further advised that, as a matter of discretion, the DEA would allow German twenty days from receipt of the letter to file a petition for an administrative ruling.

Within the twenty days provided by the DEA, German submitted a petition for remission and/or mitigation consisting of a letter signed under oath dated May 15, 1995, and the affidavit in forma pauperis he had previously filed. German's truck was forfeited and sold at auction on July 20, 1995.

On appeal, German contends that the forfeiture of the truck constituted punishment within the meaning of the double jeopardy clause, and the government's current prosecution against him for violation of 21 U.S.C. § 841(a)(1) subjects him to double jeopardy.

## II. Discussion

As an initial matter, we first address the government's argument that the court lacks jurisdiction over this appeal. Our authority to hear the appeal stems from Abney v. United States, 431 U.S. 651 (1977). There, the Supreme Court held that appellate courts have jurisdiction to entertain an appeal from a pretrial order denying dismissal sought on double jeopardy grounds. Id. at 663. The Court reasoned that, as the double jeopardy clause forbids a second trial, such a denial was within the "collateral order" exception to the final judgment rule of appellate jurisdiction. Id. Accordingly, we have jurisdiction to hear

German's interlocutory appeal of the pretrial order denying his motion to dismiss the superseding indictment on double jeopardy grounds.

A district court's denial of a motion to dismiss an indictment on double jeopardy grounds is reviewed de novo. United States v. Hudson, 14 F.3d 536, 539 (10th Cir. 1994). The underlying factual findings of the district court are reviewed for clear error. O'Connor v. R.F. Lafferty & Co., Inc., 965 F.2d 893, 901 (10th Cir. 1992).

The double jeopardy clause of the Fifth Amendment to the United States Constitution prohibits successive prosecution or multiple punishment for "the same offense." Witte v. United States, ___U.S.___, 115 S.Ct. 2199, 2202 (1995). Significantly, the language of the clause protects against more than the actual imposition of two punishments for the same offense; by its terms, it protects a criminal defendant from being twice put in jeopardy for such punishment. Id. at 2204.

The Fifth Amendment's guarantee against double jeopardy protects against three types of abuses: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989); see also United States v. McDermott, 64 F.3d 1448, 1454 (10th Cir. 1995), petition for cert. filed, (U.S. Nov. 6, 1995) (No. 95-6653). Multiple punishments are permissible if imposed in the same proceeding, but are impermissible if imposed

in separate proceedings.  <u>United States v. Halper</u>, 490 U.S. at 450–451.

The district court, in denying the defendant's motion to dismiss the superseding indictment, stated as follows:

> Several courts have held that a defendant who fails to judicially contest a civil forfeiture by filing a claim of ownership and bond never becomes a party to the forfeiture proceeding and thus is neither punished nor placed in jeopardy.  <u>See</u> <u>e.g.</u>, <u>United States v. Torres</u>, 28 F.3d 1463 (7th Cir.)(no double jeopardy without former jeopardy in uncontested forfeiture action because defendant did not become a party in forfeiture proceeding); <u>cert.</u> <u>denied</u>, 115 S. Ct. 669 (1994); <u>United States v. Arreola–Ramos</u>, __F.3d__, 1995 WL 428059 (5th Cir. 1995) (same); <u>United States v. Nakamoto</u>, 876 F. Supp. 235 (D. Haw. 1995); <u>United States v. Walsh</u>, 873 F. Supp. 334 (D. Ariz. 1994); <u>United States v. Kemmish</u>, 869 F. Supp. 803 (S.D. Cal. 1994).
> In the instant case, Defendant did not judicially contest the forfeiture of the semi–truck by filing a claim of ownership and bond.  Instead, Defendant elected to pursue only his administrative remedy by filing a Petition for Remission.  In an analogous case,  <u>Orallo v. United States of America</u>, the court stated:
>
>> [A] petitioner seeking remission or mitigation of a forfeiture does not necessarily contest the legitimacy of a forfeiture.  In fact, under remission/mitigation procedures, forfeitability is presumed and the petitioner seeks relief from forfeiture on fairness grounds.
>> * * * * * *
>> A petition for remission or mitigation does not resolve the issue of personal culpability, in fact, forfeiture is presumed.  Jeopardy can only attach in a proceeding involving a determination of guilt.
>
> __ F. Supp. __, 1995 WL 319489 at *3 (D. Haw. May 23, 1995)(internal citations omitted);  <u>see</u> <u>also</u>, <u>United States v. Crowell</u>, Cr. 90–464 PHX RCB (D. Ariz. April 28, 1995)(Double Jeopardy Clause does not relieve defendants from the consequences of their choice to pursue a course which had effect of avoiding any judicial finding of personal culpability; thus jeopardy did not attach.)

Like the defendant in <u>Orallo</u>, Defendant's culpability was never adjudicated in the forfeiture proceeding. Therefore, Defendant was never placed in jeopardy or "punished" in any constitutional sense because he was never a party in any proceeding designed to adjudicate his personal culpability. "A person who avoids an adjudication of his or her guilt or innocence cannot later claim double jeopardy when the government seeks to obtain such an adjudication in a later proceeding." <u>Kemmish</u>, 869 F. Supp. at 805. Accordingly, Defendant's Motion to Dismiss the Superseding Indictment is denied.

<u>United States v. German</u>, No. 95-108, slip op. at 3-5 (D. N.M. 1995).

In sum, the district court held that German's culpability was never adjudicated because he did not judicially contest the forfeiture by filing a claim of ownership and bond in district court, but instead elected to pursue only his administrative remedy by filing a Petition for Remission. Because defendant's culpability was never adjudicated, he was never placed in jeopardy or "punished" for double jeopardy purposes.

Several federal courts have addressed this issue. In <u>United States v. Torres</u>, 28 F.3d 1463 (7th Cir.), <u>cert.</u> <u>denied</u>, 115 S. Ct. 669 (1994), Torres, a narcotics trafficker, was arrested in a sting operation during the commission of a drug transaction. He was prosecuted, convicted, and sentenced to imprisonment for various drug offenses. On the date of his arrest, federal agents seized $60,000 he had presented to undercover agents for the purchase of cocaine. Prosecutors thereafter instituted forfeiture proceedings pursuant to 21 U.S.C. § 881(a)(6), on the grounds that the money was used in an illegal drug transaction. Torres received notice

inviting him to make a claim in the civil forfeiture proceeding. He, however, failed to make any claim. Torres later sought to have the administrative forfeiture of the $60,000 adjudicated prior jeopardy barring his criminal conviction and imprisonment. In rejecting Torres' request, the Seventh Circuit reasoned:

> [P]arallel administrative and criminal actions do not necessarily violate the double jeopardy clause. Torres received notice inviting him to make a claim in the civil forfeiture proceeding. He did not. As a result, he did not become a party to the forfeiture. There was no trial; the $60,000 was forfeited without opposition, and jeopardy did not attach. You can't have double jeopardy without a former jeopardy. Serfass v. United States, 420 U.S. 377, 389, 95 S. Ct. 1055, 1063, 43 L.Ed.2d 265 (1975). As a non-party, Torres was not at risk in the forfeiture proceeding, and "[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." Id. at 391-92, 95 S.Ct. at 1064.

Torres, 28 F.3d at 1465.

The Torres court buttressed its decision that jeopardy did not attach as a result of the forfeiture of the drug money on the fact that Torres failed to make a claim in the civil forfeiture proceeding and thus was a non-party. The Third and Fifth Circuits have likewise held that where a defendant does not contest a civil forfeiture, jeopardy does not attach and, therefore, the protections of the double jeopardy clause are not invoked. See United States v. Baird, 63 F.3d 1213 (3rd Cir. 1995), petition for cert. filed, 64 USLW 3318 (Oct. 17, 1995) (No. 95-630); United States v. Arreola-Ramos, 60 F.3d 188 (5th Cir. 1995).

German does not undertake to distinguish Torres, Baird, or Arreola-Ramos. Instead, he urges this court to follow the few

district court decisions that have deemed a party's failure to contest forfeiture irrelevant for purposes of raising a double jeopardy argument. Specifically, he directs our attention to: United States v. Aguilar, 886 F. Supp. 740 (E.D. Wash. 1994) (McDonald, J.) ("It is irrelevant whether, as the government claims, Aguilar failed to contest the forfeiture."); United States v. Heitzman, 886 F. Supp. 737 (E.D. Wash. 1994) (McDonald, J.) (civil administrative forfeiture provided initial jeopardy even though defendant failed to file a claim in the administrative forfeiture proceeding); and United States v. Ailemen, 893 F. Supp. 888 (N.D. Cal. 1995) (court held that government imposed a punishment on the defendant by forfeiting defendant's money, even though defendant failed to make a formal appearance in the forfeiture proceeding).

Any persuasive authority that Aguilar and Heitzman may have had is completely undercut by the more recent case of United States v. Bradford, 886 F. Supp. 744 (E.D. Wa. 1995), in which Judge McDonald took an approach directly opposite to that which he had articulated in Aguilar and Heitzman. ("[A] defendant who elects not to contest the forfeiture of his property . . . cannot avoid the adjudication of his personal culpability at one stage, then suddenly assert that the forfeiture of these items has exposed him to jeopardy when such a position becomes advantageous." Id. at 748.) As explanation for his change in stance, Judge McDonald noted that at the time of his decisions in Aguilar and Heitzman,

the court was without the benefit of the more recently decided cases from other jurisdictions.  <u>Id.</u>

We view those cases relied upon by defendant as contrary to the better rule, and against the weight of authority.  This court chooses to follow the reasoning of the majority view as succinctly expressed by our sister circuits in <u>Torres</u> and <u>Arreola-Ramos</u>.

Under the facts of the instant case, we hold that jeopardy did not attach:  German was never placed in jeopardy or "punished" in any constitutional sense because he was never a party to any proceeding designed to adjudicate his personal culpability.  His subsequent criminal prosecution is not barred by double jeopardy.

AFFIRMED.