**Attachment not available electronically.**

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 95-6384 |
| | ) | (D.C. No. CIV-95-375-C) |
| COLETTE JOE BERNAUGH, | ) | (W.D. Oklahoma) |
| | ) | |
| Defendant-Appellant. | ) | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Bernaugh, who is represented by counsel, appeals the denial of his federal habeas petition. We exercise jurisdiction and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Bernaugh entered guilty pleas to three drug violations and was sentenced to 122 months. Mr. Bernaugh filed his petition pursuant to 28 U.S.C. § 2255 claiming these convictions were barred by his constitutional protection against double jeopardy and because he received ineffective assistance of counsel. The trial court carefully analyzed Mr. Bernaugh's petition and concluded jeopardy did not attach. The trial court further concluded Mr. Bernaugh's counsel was not ineffective.

The trial court, in a concise, well written, and thorough Order correctly analyzed Mr. Bernaugh's claims. A copy of this Order is attached.

Mr. Bernaugh appeals this judgment asserting the trial court erred by deciding this matter without an evidentiary hearing and, by implication, asserted the trial court's conclusions of law were incorrect.

No evidentiary hearing was necessary. The record on appeal clearly shows Mr. Bernaugh never contested the administrative forfeiture proceeding involving property seized at the time of his arrest. He was never a party to this proceeding and therefore was never punished. *See United States v. German*, 76 F.3d 315 (10th Cir. 1996).

It is equally clear Mr. Bernaugh was not denied effective assistance of counsel by virtue of the alleged failure of his counsel to contest the forfeiture proceedings as the law which could allegedly support his position was not decided until several years after the forfeiture proceeding was

3

concluded.  *See Austin v. United States*, 509 U.S. 602 (1993).


      The decision of the trial court is **AFFIRMED** for substantially the same reasons set forth in the Order of the District Court attached hereto.


      Entered for the Court:

      **WADE BRORBY**
      United States Circuit Judge