91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary J. LANGFORD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6306.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1996.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges; MATIA, District Judge.*
 
 ORDER
 
 2
 Gary Joe Langford appeals pro se from a district court judgment that denied a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Langford pleaded guilty to possessing marijuana for intended distribution, manufacturing marijuana and using firearms during and in relation to a drug trafficking crime, violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) as well as 18 U.S.C. § 924(c)(1). He was ultimately sentenced to an aggregate term of 60 months of imprisonment and four years of supervised release. Langford did not file a direct appeal of his convictions or sentence.
 
 
 4
 In his motion, Langford alleged that a parallel civil forfeiture of his real property resulted in a double jeopardy violation and that the forfeiture of this property was an excessive fine or punishment in violation of the Eighth Amendment. On August 2, 1995, the district court denied the motion under Rule 4(b) of the Rules Governing § 2255 Proceedings. Langford's motion for reconsideration was denied on September 18, 1995, and he now appeals.
 
 
 5
 Langford has not argued in this appeal that the forfeiture of his property violated the Eighth Amendment. He has, therefore, abandoned this claim for purposes of appellate review. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 6
 Langford continues to argue that his criminal sentence violated double jeopardy because his property was forfeited in a separate civil proceeding. Property that has been used to facilitate a drug offense may be subject to forfeiture under 21 U.S.C. § 881(a)(7), and such a forfeiture constitutes punishment for purposes of the Double Jeopardy Clause. United States v. Ursery, 59 F.3d 568, 573 (6th Cir.1995), cert. granted, 116 S.Ct. 762 (1996). However, the district court properly rejected Langford's double jeopardy argument because he did not file a claim of ownership in the civil forfeiture proceeding. See United States v. German, 76 F.3d 315, 318-20 (10th Cir.1996) (collecting cases). Thus, jeopardy did not attach in that proceeding because Langford's culpability was not at issue there.
 
 
 7
 We also note that jeopardy attached in the criminal case when the court accepted Langford's guilty plea, on June 3, 1993. See Ursery, 59 F.3d at 571-72. Jeopardy would not have attached in the forfeiture proceeding until the default judgment was entered on September 20, 1993. See id. at 572. Thus, even if there had been a double jeopardy violation, the proper remedy would not be an order vacating Langford's criminal sentence. Moreover, a § 2255 motion is not the proper vehicle for seeking the return of forfeited property. See Dawkins v. United States, 883 F.Supp. 83, 85 (E.D.Va.), aff'd, 67 F.3d 297 (4th Cir.1995) (table).
 
 
 8
 Langford also argues that his firearm conviction should be dismissed because of an unspecified change to 18 U.S.C. § 924(c)(1). This claim was not raised in Langford's § 2255 motion, and we will not consider it for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 9
 Langford's remaining arguments are clearly unavailing.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation