PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 6/10/96**                    TENTH CIRCUIT

UNITED STATES OF AMERICA,            )
                                     )
    Plaintiff-Appellee,          )
                                     )
v.                                   )    No. 96-1023
                                     )
OSMAY PEREZ-HERRERA,                 )
                                     )
    Defendant-Appellant.         )

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 92-CR-248)

John Hutchins, Assistant United States Attorney (Henry L. Solano, United States
Attorney, and Joseph T. Urbaniak, Jr., OCDETF Coordinator, Assistant United States
Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.

Jeralyn E. Merritt, Denver, Colorado, for Defendant-Appellant.

Before BALDOCK, BRORBY, and EBEL, Circuit Judges.

BALDOCK, Circuit Judge.

    Defendant Osmay Perez-Herrera appeals the district court's order deferring ruling

on his Motion to Bar Prosecution on Double Jeopardy grounds. We exercise jurisdiction

under 28 U.S.C. § 1291, and the collateral order exception to the final-judgment rule,

<u>Abney v. United States</u>, 431 U.S. 651 (1977), and remand for further proceedings

consistent with this opinion.

I.

In August 1990, the government initiated judicial forfeiture proceedings pursuant

to 21 U.S.C. § 881 on a 1983 Peterbilt Semi-Tractor-Trailer.  The government did not

notify Defendant of the forfeiture proceedings, but did notify Crossroads Transport,

which the government asserts was the registered owner of the Tractor-Trailer.  Defendant

did not file a claim or answer or contest the judicial forfeiture proceedings.  The district

court forfeited the Tractor-Trailer to the United States in a December 9, 1991 order.

In July 1992, a grand jury indicted Defendant and co-defendant Jorge Carlos

Rodriquez for federal cocaine offenses.  In January 1993, the Drug Enforcement

Administration ("DEA") initiated administrative forfeiture proceedings against a 1983

Jeep Grand Cherokee, which it believed Defendant purchased with drug funds.  It is not

clear from the record whether the government notified Defendant of the forfeiture

proceedings.  Defendant did not file a claim of ownership in the forfeiture proceeding.

The DEA administratively forfeited the jeep on January 4, 1993.

In July 1994, the grand jury returned a nine-count superseding indictment charging

Defendant with conspiracy to possess with intent to distribute and to distribute cocaine,

21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, possession with intent to distribute cocaine, 21

U.S.C. §§ 841(a)(1), (b)(1)(A), and engaging in a continuing criminal enterprise, 21

U.S.C. § 848.

In June 1995, Defendant filed a Motion to Bar Prosecution on Double Jeopardy grounds. He argued that the government was impermissibly subjecting him to multiple punishment for the same offenses, in violation of the Fifth Amendment Double Jeopardy Clause. Defendant maintained that the government first punished him for the underlying drug offenses by forfeiting the two vehicles, and sought to punish him a second time for the same offenses through criminal prosecution. Defendant requested the court bar prosecution and dismiss the indictment.

On January 2, 1996, the district court entered an order deferring ruling on Defendant's Motion to Bar Prosecution until after the criminal trial. The court determined the motion was premature, stating:

> that because the only aspect of the double jeopardy clause involved in this case is double punishment and because the trial of the case does not involve punishment and the issue of punishment only arises after there are verdicts or findings of guilty on counts which may relate to the bases for civil forfeiture, the motions are premature and should be reserved for determination prior to sentencing.

This appeal followed.

## II.

The parties dispute our jurisdiction to hear this interlocutory appeal. We review jurisdictional questions de novo as a question of law. United States v. Maher, 919 F.2d 1482, 1485 (10th Cir. 1990). Defendant asserts 28 U.S.C. § 1291 and the collateral order exception to the final-judgment rule, Abney v. United States, 431 U.S. 651 (1977),

3

empower this court to review the district court's deferral order. The government responds that the collateral order exception is inapplicable, and maintains that this court lacks jurisdiction. We agree with Defendant.

A.

We recently exercised jurisdiction over an interlocutory appeal from a district court's pretrial order in a double jeopardy case involving facts nearly identical to the instant case. United States v. German, 76 F.3d 315 (10th Cir. 1996). In German, as in this case, the government forfeited assets owned by the defendant, and then sought to prosecute defendant for the underlying drug offense. The defendant moved to dismiss the indictment on double jeopardy grounds, and the district court denied the motion.

On appeal, the government argued that we lacked jurisdiction to review the district court's order. We rejected the government's argument, concluding that "[o]ur authority to hear the appeal stems from Abney." German, 76 F.3d at 316; see Abney, 431 U.S. at 659-62 (holding that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds falls within the collateral order exception to the final-judgment rule and is therefore immediately appealable).

Abney and German control the jurisdictional question in this appeal. The fact that the district court deferred ruling on Defendant's Motion to Bar Prosecution, rather than denying the motion, is, as the government put it, "one of those true distinctions without a difference, as far as either a deferral or a denial would cause a defendant to go through

4

another trial." Aplee Br. at 7. Whether the court denied the motion, or deferred ruling on the motion, the effect is the same--Defendant must "endure the personal strain, public embarassment, and expense of a criminal trial" which he asserts violates the Double Jeopardy Clause of the Fifth Amendment. Abney, 431 U.S. at 661. As in Abney, "[t]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred by the Fifth Amendment's guarantee." Abney, 431 U.S. at 659. Accordingly, the district court's deferral order on the double jeopardy issue is tantamount to a denial order, and meets the collateral order exception to the final judgment rule. See id. at 659-62. We therefore have jurisdiction over the instant appeal. See id.; German, 76 F.3d at 316.

B.

The district court concluded Defendant's Motion to Bar Prosecution was premature because a jury had not found Defendant guilty of the underlying drug offenses. Under Witte v. United States, 115 S. Ct. 2199 (1995), however, Defendant's Motion to Bar Prosecution was ripe for ruling by the district court before trial, notwithstanding the fact that Defendant had not been convicted of the drug offenses. Id. at 2205 ("This claim is ripe at this stage of the prosecution . . . if Petitioner is correct that the present case constitutes a second attempt to punish him criminally for the same cocaine offenses, . . . then the prosecution may not proceed."). We therefore agree with Defendant that the district court should have ruled on his Motion to Bar Prosecution. Because the district

5

court did not rule on the Motion, the record is insufficiently developed on the Double Jeopardy issue. We therefore REMAND to the district court with instructions to conduct further proceedings consistent with this opinion and rule on Defendant's Motion to Bar Prosecution.

REMANDED for further proceedings consistent with this opinion.