UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 95-30522
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

Versus

GARY R. MORGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

May 28, 1996

Before LAY,[*] HIGGINBOTHAM and STEWART, Circuit Judges.

LAY, Circuit Judge:

Gary Morgan was indicted on January 5, 1995 for conspiracy to distribute and distributing marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  At the time of his arrest, DEA agents seized Morgan's 1993 GMC pick-up truck, pursuant to 21 U.S.C. § 881(a)(4), since it was allegedly used to deliver approximately eight pounds of marijuana.  The truck was titled and registered to Morgan; the registration papers were contained in the truck's glove compartment at the time of seizure.

On January 17, 1995, DEA mailed Morgan a notice of seizure informing him it intended to forfeit the truck.  In response to

_____

[*]Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

DEA's notice, Morgan filed a "Petition For Remission And/Or Mitigation" with DEA's Asset Forfeiture Section in Washington, D.C. Morgan asserted under oath he was the owner of the truck and requested it be returned. He urged if the truck were forfeited, he would then be exposed to double jeopardy as a result of the government's continued criminal prosecution. He also requested the government to elect whether to pursue the forfeiture or the criminal prosecution. DEA reviewed Morgan's petition and denied the requested relief.

After learning that DEA forfeited his truck, Morgan filed a motion to dismiss the superseding indictment based on the Double Jeopardy Clause of the Fifth Amendment. The district court denied Morgan's motion to dismiss. Morgan filed this interlocutory appeal. We affirm.

Discussion

Morgan claims that in light of the administrative forfeiture of his truck, a criminal conviction would constitute an impermissible second punishment for the same offense. He asserts recent decisions by the Supreme Court, holding that civil penalties can constitute punishment for the purposes of double jeopardy, establish that a civil forfeiture such as the one to which he was subjected is also punishment for double jeopardy purposes. See Montana Dep't of Revenue v. Kurth Ranch, 114 S. Ct. 1937 (1994); Austin v. United States, 509 U.S. 602 (1993); United States v.

Halper, 490 U.S. 435 (1989).[1]  The question before us today is whether the administrative forfeiture[2] of property after Morgan has filed only a petition for remission and mitigation[3] constitutes

_____

[1]It is settled in this circuit that the forfeiture of a persons's lawfully owned property, because of that persons's illegal activity, may constitute "punishment" for double jeopardy purposes.  See, e.g., United States v. Perez, 70 F.3d 345, 348-49 (5th Cir. 1995).

[2]Administrative forfeitures are authorized by procedural provisions of customs laws, 19 U.S.C. §§ 1602-1621 which are incorporated by reference in certain civil statutes.  See, e.g., 21 U.S.C. § 881(d).  In initiating administrative proceedings, DEA must provide notice of the impending forfeiture, informing interested parties of their right to claim the property by filing a claim and posting a cost bond.  19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75.  Seizing agencies may waive the cost bond requirement in cases of demonstrated indigence.  See 19 C.F.R. § 162.47(e).  Proper and timely filing of a claim and posting a cost bond stops the administrative forfeiture process, and requires the seizing agency to refer the matter to the United States Attorney for the district where the property was seized for the institution of judicial forfeiture proceedings.  19 U.S.C. §§ 1603(b), 1608; 21 C.F.R. § 1316.76(b).  Where no person files a claim within the statutory period, the agency is authorized to declare the property forfeited.  19 U.S.C. § 1609(b); 21 C.F.R. § 1316.77.  It is undisputed Morgan failed to post a cost bond and file an administrative claim.

[3]DEA forfeiture notices also provide information to interested parties on filing petitions for remission or mitigation of the forfeiture pursuant to 28 C.F.R. §§ 9.1-9.7.  The remission or mitigation process is not a formal proceeding seeking to punish the petitioner.  It is an administrative prelude to the formal forfeiture proceeding, wherein a valid forfeiture is presumed.  See 28 C.F.R. § 9.5.  Unlike the claimant who files a claim and posts a cost bond, a petitioner seeking remission or mitigation of a forfeiture does not contest the legitimacy of the forfeiture.  Rather, a petition for remission or mitigation is a means of ameliorating the harshness of forfeiture when mitigating circumstances exist.  Id.  In essence, it is a request for leniency, or an executive pardon, based on the petitioner's representations of innocence or lack of knowledge of the underlying unlawful conduct.  See United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995); petition for cert. filed, ___ U.S.L.W. ___ (U.S. March 11, 1996)(No. 95-8299); see also United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995).  "The remission statute simply grants the Secretary the discretion not to pursue a complete forfeiture

"punishment" so as to trigger his double jeopardy rights.  We hold it does not.

Here, Morgan had the choice of contesting the forfeiture proceedings by filing a claim and posting a cost bond or filing a petition for remission or mitigation, or both.  It is undisputed that Morgan, with the assistance and advice of counsel, deliberately chose to file a petition for remission or mitigation in lieu of filing a claim and contesting the forfeiture, and, in so doing, voluntarily chose to forego a judicial remedy.  His guilt or innocence was never tried.  Thus, Morgan was never placed in jeopardy[4] or "punished" in any constitutional sense, because he never participated as a party in any proceeding designed to adjudicate his personal culpability.  United States v. German, 76 F.3d 315, 318 (10th Cir. 1996).  A petition for remission or mitigation does not resolve the issue of personal culpability.  See

_____

despite the Government's entitlement to one."  United States v. Von Neumann, 474 U.S. 242, 250 (1986) (holding that remission proceedings are not necessary to a forfeiture determination, and therefore are not constitutionally required).

[4]The Supreme Court has consistently adhered to the view that jeopardy does not attach, and the constitutional double jeopardy prohibition can have no application, until a defendant is put to trial before the trier of facts, whether the trier be a judge or jury.  See United States v. Baird, 63 F.3d 1213, 1218 (3d Cir. 1995) (citations and quotations omitted), cert. denied, 116 S. Ct. 909 (1996).

As the Third Circuit noted in Baird, the Supreme Court did not discuss the attachment threshold issue in Halper, Austin, or Kurth Ranch.  In those cases, it was clear that the double jeopardy claimants suffered punishment only having first been made a party to a proceeding before a trier of fact with jurisdiction to decide guilt or innocence, thus, the attachment threshold was, in each of these cases, satisfied such that no discussion of it was required. See Baird, 63 F.3d at 1218 n.10 (quotations omitted).

-4-

28 C.F.R. §§ 9.1-9.7. United States v. Schinnell, 80 F.3d 1064 (5th Cir. 1996), teaches that a person who avoids an adjudication of his or her guilt or innocence cannot later claim double jeopardy when the government seeks to obtain such adjudication in a later proceeding. See also German, 76 F.3d at 318. The double jeopardy clause does not relieve defendants from the consequences of their voluntary choice to pursue a course of action which avoids any finding of personal culpability. Id.

When a defendant fails to judicially contest a civil forfeiture action by filing a "claim," the defendant is not subject to former jeopardy in the forfeiture action, and therefore, by definition, the government's subsequent prosecution of the defendant does not constitute double jeopardy. Schinnell, 80 F.3d at 1067; United States v. Arreola-Ramos, 60 F.3d 188, 192-93 (5th Cir. 1995). This reasoning is consistent with that of other circuits. Accord United States v. Denogean, 79 F.3d 1010, 1013 (10th Cir. 1996), cert. denied, 116 S. Ct. 909 (1996); German, 76 F.3d at 319-20; Vega, 72 F.3d at 514; Baird, 63 F.3d at 1219; United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S. Ct. 669 (1994).

We therefore hold that filing a petition for remission or mitigation does not contest the administrative forfeiture because it does not trigger judicial forfeiture proceedings nor make the petitioner a party to any proceeding which can result in punishment for double jeopardy purposes.

The judgment of the district court is AFFIRMED.

-5-