**UNITED STATES COURT OF APPEALS**
**Filed 8/2/96**
**TENTH CIRCUIT**

————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

    No. 95-7162
    (D.C. No. CR-91-6-S)
EDDIE LEE WILLIAMS,
    (E.D. Okla.)

    Defendant-Appellee.

————————————

**ORDER AND JUDGMENT**[*]

————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Williams, a federal inmate and a pro se litigant, was stopped in

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Stapleton Airport in Denver at which time drug enforcement agents seized $10,000 cash from him. The money was administratively forfeited. Mr. Williams was then convicted of sixteen felony drug counts. After his conviction, Mr. Williams, as part of the criminal proceeding, asked for the return of all properties seized. This motion was denied. Mr. Williams now appeals the denial of that motion.

Mr. Williams raises two issues: first, "The multiple proceedings and multiple punishments that were in violation of the double jeopardy clause," and second, "The DEA agent testified at the defendant's trial about the seized $10,000.00. All of the other seized property was confiscated using an IRS search warrant, except for the $512.00 seized at the defendant's arrest. All the property was used as evidence at the trial of the defendant."

We first examine our jurisdiction to hear this appeal. The question we must address is whether an appeal from the denial of a motion for the return of property filed in a criminal case is governed by the civil rule, Fed. R. App. P. 4(a) allowing sixty days to appeal, or the criminal rule, Fed. R. App. P. 4(b) allowing ten days to appeal. In *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996), we held "'[w]here criminal proceedings against the movant have already been

completed, a district court should treat a rule 41(e) motion as a civil complaint.'" (quoting *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992)). Although Mr. Williams failed to cite to Fed. R. Crim. P. 41(e) in his motion, this was the proper basis under which he could move for the return of the seized property. Because Mr. Williams is proceeding pro se we will treat his motion as coming under 41(e) and find his motion was therefore filed in within Fed. R. App. P. 4(a)'s sixty-day limit and we have jurisdiction over this appeal.

Turning to the merits of this appeal, we are not persuaded the trial court erred. A fair reading of Mr. Williams' brief shows he is arguing the administrative forfeiture constituted double jeopardy. This argument has no merit. *See United States v. Ursery,* ___ S. Ct. ____, 1996 WL 340815 (June 24 1996) and *United States v. German*, 76 F.3d 315 (10th Cir. 1996).

The judgment of the district court is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

-3-