**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**Nos. 95-40954 & 95-40995**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOHN WESLEY CLUBB and**
**HELEN RUTH CLUBB,**

**Defendants-Appellants.**

_____

**Appeals from the United States District Court**
**for the Eastern District of Texas**
**(1:95-CR-83-1 & 1:95-CR-83-2)**
_____

July 30, 1996

Before DAVIS, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

John Wesley and Helen Ruth Clubb appeal the denial of their motions to dismiss an indictment charging them with conspiracy to possess, and possession with the intent to distribute, marijuana, contending that the civil forfeitures of currency, pursuant to 21

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

U.S.C. § 881(a)(4), and real property, pursuant to 21 U.S.C. § 881(a)(7), bar their criminal prosecution under the Double Jeopardy Clause of the Fifth Amendment.

The currency forfeited under 21 U.S.C. § 881(a)(4) was forfeited summarily in an administrative proceeding after the Clubbs failed to file a claim. Because only property that is unclaimed or unowned may be so forfeited, our court has held that, by definition, summary forfeiture proceedings neither place an individual in jeopardy nor constitute punishment. *See **United States v. Arreola-Ramos***, 60 F.3d 188, 192 (5th Cir. 1995). The Clubbs' contention that their petition for restoration of the currency, filed after the conclusion of the forfeiture proceeding, comprised an appearance in the forfeiture proceeding, is unavailing. *See **United States v. Morgan***, 84 F.3d 765, 768 (5th Cir. 1996) (a "petition for remission or mitigation does not contest the administrative forfeiture because it does not trigger judicial forfeiture proceedings nor make the petitioner a party to any proceeding which can result in punishment for double jeopardy purposes").

The contentions regarding the forfeiture of real estate, pursuant to 21 U.S.C. § 881(a)(7), are foreclosed by the Supreme Court's very recent decision in ***United States v. Ursery***, ___ U.S. ___, ___ S. Ct. ___, 1996 WL 340815, *14-*16 (1996) (applying two-stage analysis, and concluding that in rem civil forfeiture

- 2 -

pursuant to § 881(a)(7) was neither "punishment" nor criminal for purposes of the Double Jeopardy Clause, because (1) Congress intended forfeitures under § 881 to be civil, and (2) there was little evidence, much less the "clearest proof", that forfeiture proceedings under § 881(a)(7) "are so punitive in form and effect as to render them criminal despite Congress' intent to the contrary").

***AFFIRMED***
