**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN CHARLES NOON,

    Defendant-Appellant.

No. 96-6225
(D.C. No. CR-96-48-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO, HOLLOWAY,** and **ANDERSON,** Circuit Judges.

This is an appeal from the district court's denial of a motion to dismiss an indictment

on double jeopardy grounds. Appellate jurisdiction exists under 28 U.S.C. § 1291. *Abney*

*v. United States*, 431 U.S. 651, 662 (1977).

**I**

A business using the name Family Amusements[1] placed vending machines in bars,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] It appears from the record that the entity was actually an Oklahoma corporation named Manufacturers Guild, which did business as Family Amusements. Appellee's App. at 29 (affidavit of IRS agent Michael Favors). We will use the name Family Amusements herein, as the parties have referred to the entity in their briefs.

clubs, and other places in the vicinity of Enid, Oklahoma. Family Amusements also provided video poker games, which the IRS discovered were being used in illegal gambling, with the proceeds being split between the bar owners and Family Amusements. Mr. Noon's relationship with Family Amusements is not clear, but he appears to have been the manager of the company and one of the shareholders; we are given no information regarding the extent of his ownership interest. Appellee's App. at 29-30.

Investigation revealed that a 1989 GMC pickup was used to transport the video poker machines to the establishments, to pick up the proceeds, and to deliver the proceeds to defendant or to his bank. In 1994, the pickup truck was seized by the IRS. Administrative forfeiture proceedings were commenced. Notices were sent to Family Amusements, the registered owner of the vehicle, and to defendant Noon. In the forfeiture proceedings, Noon filed a claim of ownership and cost bond on behalf of Family Amusements, with a supporting affidavit declaring that Family Amusements was the owner of the vehicle. The filing of this claim terminated the administrative forfeiture, and in April 1995 the government filed judicial forfeiture proceedings in the federal district court. Family Amusements again filed a claim of ownership, again supported by a sworn statement by Mr. Noon that Family Amusements was the owner of the truck. However, Family Amusements later filed a confession of judgment, conditioned on no admission of liability or guilt. The vehicle was ordered forfeited based on this confession of judgment. The verified complaint initiating the forfeiture alleged that the pickup was subject to forfeiture under either 18 U.S.C. § 1955(d)

2

or 18 U.S.C. § 981(a)(1)(A), or both. The judgment in the forfeiture proceeding does not specify under which of these statutes the forfeiture was ordered, but neither party suggests that it makes a difference in our disposition of this appeal.

Months later, in April 1996, defendant Noon was indicted on four counts, one of which charged the knowing conduct of an illegal gambling enterprise (18 U.S.C. § 1955) and three of which charged that he had engaged in monetary transactions involving the proceeds of specified unlawful activity (18 U.S.C. § 1956). Noon moved to dismiss, contending prosecution was barred by double jeopardy principles, and the district court denied the motion. Mr. Noon brings this appeal.

## II

We review *de novo* the district court's conclusion that the prosecution is not barred by the Double Jeopardy Clause; underlying findings of fact are subject to the clearly erroneous standard of review. *United States v. German*, 76 F.3d 315, 317-18 (10th Cir. 1996).

That a civil action of forfeiture occurred first is not significant. *United States v. Bizzell*, 921 F.2d 263, 267 (10th Cir. 1990). Noon attempts to lay the foundation for his legal argument here by asserting that he was the owner of the pickup forfeited earlier, despite his having twice given sworn statements that Family Amusements was the owner. Supp. App. at 21, 40. Noon argues that civil forfeiture proceedings may constitute punishment for double jeopardy purposes, notwithstanding the Supreme Court's recent holding in *United*

3

*States v. Ursery*, 116 S. Ct. 2135 (1996).[2]  In *Ursery*, the Court held that the statutory *in rem* forfeitures involved there did not constitute punishment for purposes of the Double Jeopardy Clause.  *Id.* at 2149.  In *Ursery*, the Court used a two-part test to determine whether a forfeiture was punishment for double jeopardy purposes:

> First, we ask whether Congress intended proceedings under 21 U.S.C. § 881, and 18 U.S.C. § 981, to be criminal or civil.  Second, we turn to consider whether the proceedings are so punitive in fact as to "persuade us that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature," despite Congress' intent.

116 S. Ct. at 2147 (quoting *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 366 (1984)).

Noon relies, as he must, on the Court's recognition in *Ursery* that, notwithstanding the general rule to the contrary, a forfeiture may be "so punitive in form and effect," *id.* at 2148, as to constitute punishment for double jeopardy purposes.[3]  Noon argues that the forfeiture of his pickup truck was so extreme as to constitute punishment.  Brief of Appellant at 8-9.  We find Noon's arguments unpersuasive.

We begin and end with the first point mentioned above.  The district court found that Family Amusements was the owner of the vehicle.  The clearly erroneous standard of review applicable to this finding poses a substantial barrier for Noon.  Noon's effort in this regard

---

[2]The Supreme Court decided *Ursery* on the same day that Mr. Noon's notice of appeal was filed.

[3]Defendant does not contend that the holding of *Ursery* should not be applied in this appeal, and we think it clear that it must be applied.  *Griffith v. Kentucky*, 479 U.S. 314, 328 (1979).

4

consists solely of bald assertions in the brief without reference to any supporting evidence. Thus, we are told that Noon was really the owner of the pickup, notwithstanding his twice having made sworn statements that Family Amusements was the owner, because he customized it to his preferences, exercised complete dominion and control over it, paid the maintenance costs, used the vehicle for all his personal travel, and was recognized by the other employees and owners of Family Amusements as the owner.[4] None of these assertions is accompanied by citations to the record, and from the record which has been provided it appears that Noon's argument to the district court was similarly made with disregard for the necessity of supporting his assertions with evidence.

On this record, we certainly cannot find clearly erroneous the district court's finding that Family Amusements was the owner of the pickup. The district judge's conclusion, based on this finding, that Noon had not suffered punishment by the foreclosure and so could not sustain his double jeopardy challenge to the prosecution, was plainly correct.

At argument, counsel contended that Noon could have suffered punishment even if the corporation was the owner of the pickup. We will not consider this argument, which was neither raised in the lower court, nor briefed, and for which we have been cited no authority.

We note finally that Mr. Noon's argument suffers from other fatal defects. First, we

---

[4]Noon argues that the fact that the vehicle was registered to Family Amusements is not conclusive proof of ownership under Oklahoma law. Because the government does not dispute either this assertion, nor the assumption that Oklahoma law controls the question, we have accepted it for purposes of our disposition.

have held that a party who fails to appear in a forfeiture proceeding can not raise a double jeopardy defense to his subsequent prosecution. *United States v. German*, 76 F.3d 315, 319-20 (10th Cir. 1996). Mr. Noon has made no attempt to distinguish this case, nor to explain why it does not preclude his argument. Furthermore, as to the argument that the forfeiture in this case is so extreme as to constitute punishment and so to avoid the rule of *Ursery*, Mr. Noon again fails to supply any factual basis for his contention. Were we to reach this part of his argument, we would be constrained to reject it because it invites us to speculate on the value of the pickup, about which the record is totally silent. *See Ursery*, 115 S. Ct. at 2148 (a finding that forfeiture proceedings are so punitive in form and effect as to render them criminal despite legislative intent that they be civil requires the "clearest proof").

The final order of the United States District Court for the Western District of Oklahoma is **AFFIRMED.** The mandate shall issue forthwith.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge

6