**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 24 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JERRY L. GRIST,

      Defendant-Appellant.

No. 96-6331
(D.C. No. CIV-96-305-C)
(Western District of Oklahoma)

**ORDER**

Before **SEYMOUR**, Chief Judge, **PORFILIO**, Circuit Judge, and **MURPHY**, Circuit Judge.

Jerry Lee Grist attempts to appeal from an order denying his petition for vacation of sentence under 28 U.S.C. § 2255 on the grounds of double jeopardy. He contends after his consent to a judicial forfeiture of his property he could not be convicted on the substantive count upon which the forfeiture was predicated. Although he admits he did not contest the forfeiture, he maintains his plea of guilty was barred by the double jeopardy clause of the Fifth Amendment. We have previously held a person is not placed in jeopardy by a judicial forfeiture unless he contests it in the district court. *United States v. Hardwell*, 80 F.3d 1471, 1485, (10th Cir. 1996); *United States v. German*, 76 F.3d 315, 318 (10th Cir. 1996).

Mr. Grist also argues he was denied effective assistance of counsel because his attorney did not raise the double jeopardy issue prior to the entry of his guilty plea, nor did he present the issue on direct appeal.  Of course, because the issue was not available, failure to raise it cannot constitute denial of effective assistance.

Thus, Mr. Grist, having failed to preserve the double jeopardy issue, has failed to raise  justiciable questions in this court. *Id.*  The certificate of appealability is **DENIED** and the appeal is **DISMISSED**.  28 U.S.C. § 2253(c)(2); *Lennox v. Evans*, 87 F.3d 431 (10th Cir. 1996).  The previous orders entered for the payment of a filing fee are **VACATED**.  *United States v. Simmonds*, ___ F.3d ___, No. 96-3287, 1997 WL 177560 (10th Cir. Kan. Apr. 14, 1997).

ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge