**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDDIE DEWAYNE HOLLINS,

    Petitioner - Appellant,

v.

JAMES L. SAFFLE, Warden,

    Respondent - Appellee.

No. 01-6287
(D.C. No. 00-CV-560-M)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Eddie Dewayne Hollins applies for a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c), seeking to appeal the district court's dismissal of his petition for a writ habeas corpus filed pursuant to 28 U.S.C. § 2254. He also moves for leave to proceed on appeal *in forma pauperis*. Because we determine that petitioner has failed to demonstrate a "substantial showing of the denial of a constitutional right," *see* § 2253(c)(2), we deny his application and dismiss the appeal.

Mr. Hollins requests a COA on only one issue: whether he was subjected to double jeopardy by having been tried at a single trial for two crimes that were later determined to be a single offense under a double jeopardy analysis. *See Hollins v. State*, No. F-98-605 (Okla. Crim. App. filed Sept. 2, 1999) (reversing conviction for assault with a dangerous weapon and remanding for dismissal of that count because punishment for both that crime and the crime of using a motor vehicle to facilitate the discharge of a firearm violated the prohibition against double jeopardy). Mr. Hollins claims that the district court erroneously construed this claim as a matter of state law instead of as a matter of constitutional law. He argues that being tried for the two crimes violated the double jeopardy clause.

Mr. Hollins' argument is without merit.

> The Fifth Amendment's guarantee against double jeopardy protects against three types of abuses: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same

offense after a conviction, and (3) multiple punishments for the same offense.

*United States v. German*, 76 F.3d 315, 318 (10th Cir. 1996) (citing *United States v. Halper*, 490 U.S. 435, 440 (1989)). Mr. Hollins was not tried twice for the two offenses. Because one of his convictions was dismissed, he has not been convicted or punished twice for the same offense. The double jeopardy prohibition is simply not implicated under the facts of this case. Mr. Hollins has failed to meet his burden to demonstrate a "substantial showing of the denial of a constitutional right." § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

We DENY petitioner's application for a COA, GRANT his motion to proceed *in forma pauperis*, and DISMISS the appeal.

The mandate shall issue forthwith.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-3-