**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLEO PATTERSON,

Defendant - Appellant.

No. 07-6069

W.D. Okla.

(D.C. No. CR-05-68-C)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Cleo Patterson, a federal prisoner appearing *pro se*,[1] appeals from the district court's denial of his post-appeal motions to dismiss the indictment against him, and for return of his forfeited property and subsequent motions for reconsideration. Patterson filed a motion to proceed *in forma pauperis* (*ifp*) with this Court. We GRANT his motion to proceed *ifp* and DISMISS the appeal for lack of jurisdiction.

## I. BACKGROUND

Patterson was convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(2) and 18 U.S.C. § 2, and traveling in interstate commerce with intent to further a drug trafficking enterprise in violation of 18 U.S.C. §§ 1952(a)(3) and 2. He was sentenced to 360 months in prison to be followed by five years supervised release. On December 27, 2006, we affirmed Patterson's conviction and determined, *inter alia*, he forfeited the protections of the Speedy Trial Act requiring an indictment within thirty days from arrest by: (1) failing to move for dismissal before trial, and (2) failing to raise the issue in his opening brief. *See United States v. Patterson*, 472 F.3d 767, 783 (10th Cir. 2006) (citing *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999); *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997)). Patterson filed a petition for rehearing en banc, which was denied. The

---

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

mandate was issued on February 22, 2007. He filed a petition for writ of certiorari with the Supreme Court, but did not file a petition with this Court to stay the mandate pending a determination from the Supreme Court. *See* Fed. R. App. P. 41(d)(2)(A).

On March 1, 2007, Patterson filed a "Motion for Return of Property" with the district court seeking the return of his van in which approximately 67 pounds of cocaine were found in a hidden compartment, and a "Nunc Pro Tunc Motion to Dismiss Indictment for Violation of Speedy Trial Act 30 Days to Indictment [sic]." (R. Vol. 2, Docs. 90 & 91.) The district court denied both motions on March 7, 2007. Patterson filed motions to reconsider, which were denied on March 16, 2007. Five days later, Patterson filed a notice of appeal.

## II. DISCUSSION

Patterson challenges the district court's denial of his post-appeal motion to dismiss the indictment under the Speedy Trial Act.[2] The government argues we lack jurisdiction because Patterson failed to timely file his notice of appeal and failed to collaterally attack his conviction under 28 U.S.C. § 2255. "We review jurisdictional questions de novo as a question of law." *United States v. Perez-Herrera*, 86 F.3d 161, 163 (10th Cir. 1996). "[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that

---

[2] Patterson's notice of appeal also identified the district court's denial of his motions for return of property and reconsideration. Patterson, however, failed to address the issue on appeal and has waived it. *See Coleman*, 108 F.3d at 1205.

-3-

of the lower courts in a cause under review . . . ." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quotation omitted). "[When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Id.* (alteration in original) (quoting *United States v. Corrick*, 298 U.S. 435, 440 (1936)).

A. Notice of Appeal

The government argues Patterson's notice of appeal was untimely and his motions for reconsideration did not toll the filing deadline. *See e.g.*, *United States v. March*, 700 F.2d 1322, 1324, 1328 (10th Cir. 1983) (holding a motion to reconsider the denial of a motion for new trial does not toll the time for appeal). We need not address tolling because Patterson's notice of appeal was timely filed.

The district court denied Patterson's motion for return of property and *nunc pro tunc* motion to dismiss the indictment on March 7, 2007. To the extent we construe Patterson's appeal as an appeal from a criminal proceeding, he was required to file notice by March 21, 2007. *See* Fed. R. App. P. 4(b)(1)(A)(i); 26(a)(1) & (2). In compliance with the prisoner mailbox rule, Patterson timely filed his notice of appeal on March 21, 2007. *See* Fed. R. App. P. 4(c)(1).

B. Post-Appeal Motion to Dismiss

Patterson argues the district court erred when it denied his post-appeal motion to dismiss the indictment for violating the Speedy Trial Act because the

government failed to indict him within thirty days of his arrest. *See* 18 U.S.C. § 3161(b). In doing so, he is attempting to collaterally attack his conviction which was affirmed on direct appeal. Patterson did not address the jurisdictional basis for his post-appeal motion to dismiss with the district court, but rather attempted to invoke the "court's inherent power over its own proceedings." (R. Vol. 2, Doc 91.) This he cannot do.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *see also Bender*, 475 U.S. at 541 ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). A motion to vacate, correct or set aside a sentence under 28 U.S.C. § 2255 would provide statutory authority, but Patterson did not characterize his motion as such. *See Mendoza*, 118 F.3d at 709. Nor did the district court so construe it. Therefore, the district court lacked jurisdiction to hear his motion.

We decline to recharacterize Patterson's motion to dismiss as a 28 U.S.C. § 2255 motion in the first instance. *See United States v. Kelly*, 235 F.3d 1238, 1241-42 (10th Cir. 2002) (addressing the potentially adverse consequences of recharacterizing a *pro se* post-conviction motion not expressly made under § 2255). If Patterson wants to collaterally attack the sufficiency of his

indictment, he must now do so in a timely 28 U.S.C. § 2255 motion.  However, we caution that "[w]hen a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered."  *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

We **GRANT** Patterson's motion to proceed *ifp* and **DISMISS** the appeal for lack of jurisdiction.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge